# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 21-MJ-686 |
| | ) | |
| LUCAS DENNEY | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT LUCAS DENNEY'S MOTION FOR RELEASE OF CUSTODY FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CRIMINAL PROCEDURE 5.1(c)

John M. Pierce
21550 Oxnard Street
3d Floor, PMB#172
Woodland Hills, CA 91367
Tel: (213) 279-7846
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

## INTRODUCTION

NOW comes defendant, Lucas Denney, by and through his counsel of record, tendering this motion respectfully requesting this Honorable Court to revoke the Detention of Mr. Denney by Magistrate Judge Collis White on December 18, 2021 in the District Court for the Western District of Texas Del Rio Division for the government's failure to comply with Rule 5.1(c) of the Federal Rules of Criminal Procedure to hold a preliminary hearing within fourteen (14) days after the defendant's initial appearance.

## ARGUMENT

Pursuant to Rule 5.1(c), a preliminary hearing must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody." A failure to timely hold such a preliminary hearing requires that a defendant be released "without prejudice ... to the institution of further criminal proceedings against him upon the charge upon which he was arrested." *See* 18 U.S.C. § 3060(d). *United States v. Williams,* No. 09-CR-29, 2009 WL 1119417 (E.D. Wis. Apr. 27, 2009). However, a preliminary hearing is not required if the defendant is indicted, see Fed. R. Crim. P. 5.1(a)(2), or if the defendant waives the preliminary hearing, see Fed. R. Crim P. 5.1(a)(1). *United States v. Battle*, No. 20-CR-349 (EK), 2020 WL 5531585 (E.D.N.Y. Sept. 15, 2020).

This deadline may be extended under two circumstances. First, "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times." Fed. R. Crim. P. 5.1(d). Additionally, "[i]f the defendant does not consent, the magistrate judge many extend the time limits only on a showing that extraordinary circumstances exist and justice requires the delay." *Id.* "In adopting this language, the drafters intended that delay

from whatever source should be avoided wherever possible." 1 C. Wright & A. Leipold, Federal Practice & Procedure: Criminal § 91, at p. 254 (4th ed.2008) (citing Advisory Comm. Notes (1972)). *United States v. Fortenberry*, No. 2:14-MJ-673-VCF, 2014 WL 6969615 (D. Nev. Dec. 8, 2014).

Upon review of the record, this Court should find a clear violation of Fed. R. Cr. Pro. 5.1(c) resulting in his release from custody. Mr. Denney was arrested on December 13, 2021, and had his initial appearance held before Judge White on December 17, 2021, where he was ordered detained. Mr. Denney's case was removed to the District of Columbia and an initial appearance was held before Judge Harvey on January 4, 2022, who ordered Mr. Denney to remain detained. Now we turn to the requirement under 5.1(c) which requires the government to either produce and indictment from a grand jury, or, in the alternative, to conduct a preliminary hearing within fourteen (14) days. For the government to be within the required timeframe either an indictment or a preliminary hearing would need to be conducted by Monday, January 18, 2021. Further, the two exceptions to this rule have not been met either-- Mr. Denney did not give a waiver of the fourteen (14) day requirement nor has the government introduced a "showing that extraordinary circumstances exist, and justice requires the delay." Therefore, failing to meet their burden.

## **CONCLUSION**

For the foregoing reasons, Mr. Denney respectfully requests this Honorable Court to order him released from custody.

Date: March 2, 2022

                                      Respectfully Submitted,

*/s/ John M. Pierce*

*John M. Pierce*
*21550 Oxnard Street*
*3d Floor, PMB#172*
*Woodland Hills, CA 91367*
*Tel: (213) 279-7846*
*Email: jpierce@johnpiercelaw.com*

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

    I, John M. Pierce, hereby certify that on this day, March 2, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                                */s/ John M. Pierce*
                                            *John M. Pierce*