UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-MJ-686 |
| ) | |
| LUCAS DENNEY ) | |
| Defendant ) | |

**DEFENDANT LUCAS DENNEY'S EMERGENCY MOTION TO DISMISS
AND FOR IMMEDIATE RELEASE FROM CUSTODY**

John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com
*Attorney for Defendant*

William L. Shipley, Jr.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

Defendant Lucas Denney is being unlawfully detained without a valid charging instrument having been filed within the time frame mandated by statute.

Mr. Denney urges this Court to Order the immediate dismissal of this matter, and his release from custody FORTHWITH.

Dismissal is mandatory. Whether that dismissal is to be entered with or without prejudice is a matter that can be reserved for another day.

The matter of Mr. Lucas's liberty cannot and should not wait for another day.

## PROCEDURAL HISTORY

Defendant Denney was arrested on December 13, 2021, pursuant to a Warrant issued from this Court. Case No. 21 mj 686, ECF No. 5.

As of the date of this Motion, no indictment has been filed in this matter charging Mr. Denney with any federal crime.

As of the date of this Motion, Mr. Denney has not made any appearance in this District, and has not appeared in any Court since December 17, 2021.

Mr. Denny has been held in custody since the date of his arrest, and is currently house Northern Neck Regional Jail in Warsaw, Virginia, in the care, custody, and control of the United States Marshal.

## ARGUMENT

The Government doesn't enjoy the "leisure of time" when complying with the "due process" rights of a defendant in a criminal case – notwithstanding habits that seem to have developed around the pursuit of prosecutions of individuals charged with crimes alleged to have been committed on January 6th. One such "process" that is "due" a defendant is the statutory right to have an indictment filed within 30 days of arrest.

1

Title 18, United States Code, § 3161(b) provides:

> Any information or indictment charging an individual with the commission of an offense <u>shall be filed within thirty days from the date on which such individual was arrested</u> or served with a summons in connection with such charges….

As of the date of filing this motion, 82 days have elapsed since Mr. Denney's arrest and and no indictment has yet been filed.

The relief to which a defendant is entitled in this circumstance is set forth in 18 U.S.C. § 3162(a)(1):

> <u>If</u>, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, <u>such charge against that individual contained in such complaint shall be dismissed</u> or otherwise dropped….

The § 3161(h) time exclusions are the well-known and oft-applied bases for excluding time after a defendant has been arraigned on an indictment and a criminal case is proceeding in the regular course. The only basis for excluding time that applies to Mr. Denney is 3161(h)(1)(F) – which extends the 30 day period by an additional ten days when a defendant is transported from the district of arrest to the district where the offense is alleged to have been committed. The thirty day period provided in § 3161(b) would have expired on its own terms on January 17, 2022. As extended by subsection (h)(1)(F), the period within which to file an indictment ended on January 27, 2022 – 37 days ago.

There have been no exclusions of time requested by the Government with regard to Mr. Denney, and there have been no exclusions of time ordered by this Court following the process outlined in § 3161(h), i.e., a continuance granted by the Court in the record of the case, either orally or in writing, setting forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

2

The Government is in violation of § 3161(b). The remedy is not a matter of discretion and there is no "cure" the Government can seek to apply. The complaint must be dismissed. See, *United States v. Hinch*, 308 F.Supp.2nd,599, 602 (D.Md. 2004).

This Court will, at some point, be called upon to determine whether this dismissal should be with or without prejudice based on a factual record yet to be determined. But dismissal in some form is compelled by the statute.

Each day Mr. Denney remains in custodial detention is an additional day that his liberty rights are denied without due process in violation his rights under The Fifth Amendment. Mr. Denney should not be made sit in a jail cell even a single day longer while the Government tries to explain away its failure to comply with the law.

## **CONCLUSION**

The statute requires that the complaint be dismissed, and Mr. Denney's illegal detention should end immediately.

Date: March 5, 2022

                                            Respectfully Submitted,

                                            /s/ William L. Shipley
                                            John M. Pierce
                                            William L. Shipley, Jr., Esq.
                                            (*PHV Admitted*)
                                            PO BOX 745
                                            Kailua, Hawaii 96734
                                            Tel: (808) 228-1341
                                            Email: 808Shipleylaw@gmail.com

                                            *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

  I, William L. Shipley, hereby certify that on this day, March 5, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

            /s/ William L. Shipley
            William L. Shipley, Jr., Esq.