UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO. 22-0070 RDM |
| | : | |
| **LUCAS DENNEY,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' NOTICE OF INFORMATION IN PREPARATION FOR MARCH 17, 2022 PLEA HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully provides the following information to the Court in preparation for Defendant Lucas Denney's plea hearing on March 17, 2022.

### I. THE INDICTMENT, THE STATUTORY MAXIMUM SENTENCE, AND THE ELEMENTS OF THE CRIME

**A. The Plea**

Defendant Denney has indicated that he plans to plead guilty, without the benefit of a plea agreement, to the indictment filed by the grand jury on March 7, 2022 (ECF No. 25), alleging a violation of 18 U.S.C. § 111(a) and (b), assaulting, resisting, or impeding certain officers using a dangerous weapon.

**B. The Statutory Maximum Sentence**

If found guilty of a violation of 18 U.S.C. § 111(a)(1) and (b), Defendant Denney faces a maximum term of imprisonment of 20 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

### C. The Elements of the Offense

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States, or any person assisting such an officer or employee in the performance of the officer's or the employee's official duties;

2. The defendant did so forcibly;

3. The defendant did so while the officer or person assisting the officer was engaged in or on account of official duties;

4. The defendant acted intentionally; and

5. The defendant used a deadly or dangerous weapon.

## II.  THE STATEMENT OF OFFENSE

On January 6, 2021, Defendant Lucas Denney was on U.S. Capitol grounds on the west side of the Capitol building. At approximately 2:23 p.m., Metropolitan Police Department (MPD) Officer K.K. had assumed a position on an elevated structure between the crowd that had formed and the west side of the Capitol building.  Officer K.K. was at the Capitol building assisting the U.S. Capitol Police in the performance of their official duties. At the time, Officer K.K. was wearing a full MPD-issued uniform, including a marked helmet, police badge, body-worn camera, and a name tag bearing his first initial, last name, and the word "POLICE."  In addition, Officer K.K.'s jacket arm displayed a badge reading "POLICE."  The crowd below was throwing debris at police officers, including Officer K.K., who was armed with crowd-control spray and occasionally used it to repel the rioters.  Defendant worked his way through the crowd and attempted to grab the canister of crowd-control spay away from Officer K.K.  Officer K.K. then deployed the crowd-control spray and Defendant retreated into the crowd.

Less than a minute later, Defendant picked up a long pole from the ground which he swung towards Officer K.K. and other officers positioned near Officer K.K.  Defendant intentionally swung the long pole, which was a dangerous weapon capable of causing serious bodily injury, at Officer K.K. and the other officers.  Officer K.K. and several other officers attempted to pull the pole away from Defendant and the other rioters, but were unsuccessful.  Less than a minute later, at approximately 2:24 p.m., Defendant and another rioter grabbed a large tube and together they launched it toward the line of law enforcement officers guarding the west side of the Capitol building.

### III.     DEFENDANT'S WAIVER OF HIS RIGHT TO A SPEEDY INDICTMENT

On March 16, 2022, in preparation for the March 17, 2022 plea hearing, Defendant filed a motion to withdraw his Emergency Motion for Release from Custody and Emergency Motion to Dismiss Case, ECF No. 23, and a related Errata Notice, ECF No. 24. ECF No. 32. As part of the plea colloquy, the government requests that the Court make inquiry to Defendant Denney to ensure that he knowingly, intelligently, and voluntarily is waiving his right to a speedy indictment under 18 U.S.C. §§ 3161(b) and 3162(a)(1).  *Cf. United States v. Hines*, 694 F.3d 112, 117 (D.C. Cir. 2012) (defendant waives right to dismissal of an untimely indictment under the Speedy Trial Act by failing to move for dismissal before trial).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

 /s/ *Jennifer M. Rozzoni*
Jennifer M. Rozzoni
NM Bar No. 14703
Benet J. Kearney
NY Bar No. 4774048
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(505) 350-6818 / (212) 637-2260
Jennifer.M.Rozzoni@usdoj.gov
Benet.Kearney@usdoj.gov