# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **Case No. 22-cr-00070** |
| ) | |
| **LUCAS DENNEY** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## DEFENDANT LUCAS DENNEY'S PETITION FOR RELEASE OF CUSTODY PENDING SENTENCING

         William L. Shipley, Jr., Esq.
         PO Box 745
         Kailua, Hawaii 96734
         Tel: (808) 228-1341
         Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

NOW COMES Defendant Lucas Denney and moves this Court for Revocation of a foreign magistrate's detention order pursuant to 18 U.S.C. § 3145(b), and granting him release from custody on terms and conditions of release pending sentencing.

Mr. Denney has no prior criminal history and was honorably discharged from the United States Army after having served in combat during a tour of duty in Iraq.  Mr. Denney served as a member of the Military Police.  Since his discharge he has been rated as 100% disabled and has been under continual care by the Veteran's Administration due to medical complications from serious injuries – including traumatic brain injury – suffered in a Humvee accident in Iraq.

Mr. Denney self-surrendered to the FBI Office in Del Rio, Texas, after being advised by his attorney that a warrant for his arrest had been issued by this Court.   The Criminal Complaint and Arrest Warrant were not sought by the Government until December 2021, more 11 months after the events of January 6, notwithstanding the fact that he had been interviewed by the FBI only weeks after January 6.

For nearly 10 years Mr. Denney has had primary physical custody of his two minor children following his divorce from their mother in 2012.  He has sole legal custody and has been responsible for all decisions regarding their welfare.  Those children are now ages 12 and 15, and are suffering due to his sudden absence from their lives without warning in December 2021.  That circumstance was made worse by the fact that the Government's illegal detention – as detailed below -- prevented him from having even telephone contact with his two children for over 60 days following his arrest.

## PROCEDURAL HISTORY

Mr. Denney was arrested on December 13, 2021, when he self-surrendered at the FBI Office in Del Rio, Texas after his attorney advised him that a Criminal Complaint and Arrest Warrant had been issued by this Court. EFC Doc. No. 5.

On December 14, 2021, Mr. Denney made his Initial Appearance pursuant to Rule 5 in the Western District of Texas.

On December 17, 2021, a detention hearing was held in that Court and Mr. Denney was ordered detained and transported to this Court for further proceedings.

Mr. Denney arrived in the District of Columbia on or about January 31, 2022, and Mr. Denney's case was set for a status conference to be held on February 4, 2022.

No Preliminary Hearing was ever held in the Western District of Texas within 14 days of Mr. Denney's Initial Appearance as required by Federal Rule of Criminal Procedure 5.1.

No indictment was returned within 30 days of Mr. Denney's arrest as required under 18 U.S.C. § 3161(b).

Prior to the scheduled February 4, 2022, status conference, the Government and co-Defendant, Donald Hazard entered into a stipulation continuing the Status Conference to April 5, 2022 and waiving all applicable time limits under the Speedy Trial Act to and through that date. Mr. Denney was not a party to that stipulation made no appearance on February 4, 2022 and agreed to no waivers of time.

Following inquiry by Mr. Denney's counsel to the government about the status of Mr. Denny's case, on February 25, 2022, an initial appearance was calendared to take place before Judge Faruqui on March 10, 2022.

With no valid pending charges upon which to continue his detention, Mr. Denney filed on March 2, 2022, a motion for dismissal of the Criminal Complaint and for his immediate release from custody. That was 79 days after his arrest, with Mr. Denney having after been held in custody without appearing before any judicial officer for a period of 75 days. EFC Doc. No. 16.

On March 3, 2022, after having reviewed Mr. Denney's motion for dismissal and immediate release of custody, Judge Faruqui ordered the government to respond no later than 5:00 PM that same day – 5 ½ hours after the issuance of the EO.

Judge Faruqui set a hearing on the motion to release for Monday, March 7, 2022.  ECF Minute Order Dated 3/04/2022

Mr. Denney filed emergency motion for immediate release of custody on March 5, 2022, because every day of continued detention was in violation of his right to due process. EFC No. 23

Early in the day on March 7, 2022, prior to the time set for the hearing before Judge Faruqui, the Government sought and obtained from a grand jury a single count indictment against Mr. Denney – which the Government later conceded was a violation of 18 U.S.C. § 3161(b) as the indictment was filed more than 30 days after Mr. Denney's December 13, 2021, arrest.

But the Government only acknowledged this fact <u>AFTER it had successfully – through unlawful means -- prevented Mr. Denney from being released by Judge Faruqui from the unlawful detention to which he had been subjected in violation of his constitutional rights.</u>

Rather than follow the rules of procedure and statutory law as was its solemn obligation, the Government acted in a deliberate unlawful manner for the sole purpose of continuing to illegally deprive Mr. Denney of his liberty.

Mr. Denney was not advised of the illegal indictment until the time of the scheduled hearing before Magistrate Faruqui, the very hearing that should have resulted in his release.  The filing of the unlawful indictment forestalled Mr. Denney's release because Magistrate Faruqui lacked the authority to dismiss the indictment in order to release Mr. Denney from custody --

4

which he stated later in and EO had been his intention that day. ECF Minute Order Dated 3/08/2022

The Defendant next appeared for "arraignment and plea" on the illegally obtained indictment on March 13, 2022, before the Honorable Randall Moss. At that hearing Mr. Denney stated his desire to plead guilty to the single count of the indictment without an agreement with the Government.

This Court continued the arraignment and plea hearing until March 17, 2022. At that hearing Mr. Denney entered a plea of guilty to the sole count of the indictment filed against him.

## LAW AND ARGUMENT IN SUPPORT OF RELEASE

The only detention hearing conducted to date regarding Mr. Denney was done in the Western District of Texas on December 17, 2021, the Honorable Judge Collis White presiding.

Magistrate White issued a short Order on the issue of detention and removal. ECF No. 8.

Magistrate hearings in the Western District of Texas are not recorded by a court reporter present in the courtroom during hearings. Transcripts are only prepared upon request from audio recordings made of the proceedings. Counsel for Mr. Mr. Denney has sought a transcript of the detention hearing before Magistrate White but was advised by the court reporter that the recording for that hearing is inaudible and cannot be transcribed. As a result, there is no record of the evidence or testimony before Magistrate White that led to the perfunctory findings in his written order that Mr. Denney be detained.

Title 18 U.S.C § 3145(b) provides that a defendant detained by a magistrate judge of court other than the court having original jurisdiction may file with the court having original jurisdiction over the filed charge a motion for revocation of the detention order. Such a motion is to be conducted as a *de novo* review on the issue of detention – which is the only option here

given the lack of a record concerning the proceedings in the Western District of Texas on December 17, 2021.

While the Government will no doubt point to the fact that release pending sentencing is determined on a different standard than release pending trial, the fact remains that both turn on the issues of flight risk and danger to the community. There is no record before this Court that it can evaluate on either of those issues.

Further, the Government has surrendered ground with respect to other January 6 defendants on the question of whether pleading guilty should be an automatic basis for detention.

Three defendants in the "Oathkeepers" case have pled guilty to "seditious conspiracy", described by the Government in charging documents and plea agreements as a "plan to oppose the lawful transfer of Presidential power <u>by force</u>."

But the Government did not ask for detention following the guilty pleas of any of the three – Joshua James and Brian Ulrich in 22-cr-15 (APM), and William Wilson in 22-cr-152 (APM). Presumably the Government did not do so because each defendant has entered into a cooperation agreement with the Government, and allowing the defendants to remain free pending sentencing is a "reward" for their cooperation. The Plea Agreement for Mr. James even includes a stipulation to an aggravating role on his part as a "leader" of that conspiracy.

Mr. James remains out of custody on terms and conditions of release -- with no date set for sentencing.

Mr. Denney has admitted to using a plastic pipe to try and knock a pepper spray device from the hands of a United States Capitol Police Officer. There was no injury caused to the officer.

Mr. Denney has offered to cooperate in the Government's investigation to the extent he has any information to provide. Through counsel, Mr. Denney has provided information on

various topics believed to be of interest to the Government, and he remains willing to answer questions himself if asked to do so.

Bail pending sentencing should not be based on a unilateral determination by the Government as to the Defendants it will favor with release after pleading guilty and Defendants it will seek to detain when that decision so obviously turns on a defendant's status as a cooperator.

Mr. Denney has offered his cooperation in the same manner and spirit that the three Oathkeeper defendants offered theirs. Mr. Denney should be afforded the same treatment for purposes of release pending sentencing, particularly when he has a sentencing date already scheduled and the duration of his release prior to self -surrender is easily determined.

Given the lack of a record from the detention hearing held in Texas, his entitlement to a *de novo* review of that Order in this Court, his lengthy time being unlawfully detained in violation of his right to due process, and the illegal actions of the Government to continue holding him while not complying with federal law, this Court should order Mr. Denney released on appropriate terms and conditions prior to his sentencing hearing in order to afford him the opportunity to attend to this personal affairs and family needs before surrendering to the Bureau of Prisons facility to which he is assigned.

Dated: May 11, 2022                                  Respectfully submitted,

                                                     /s/ William L. Shipley
                                                     William L. Shipley, Jr., Esq.
                                                     PO BOX 745
                                                     Kailua, Hawaii 96734
                                                     Tel: (808) 228-1341
                                                     Email: 808Shipleylaw@gmail.com

                                                     *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

    I, William L. Shipley, hereby certify that on this day, May 11, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                                          /s/ William L. Shipley
                                                          William L. Shipley, Jr., Esq.