**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Cr. No. 22-0070 RDM** |
| **LUCAS DENNEY,** | : | |
| **Defendant.** | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S PETITION FOR RELEASE OF CUSTODY PENDING SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to Defendant Lucas Denney's Petition for Release of Custody Pending Sentencing. ECF No. 42. Because Denney has failed to establish exceptional reasons to support his request for release, this Court should deny Denney's motion.

**PROCEDURAL BACKGROUND**

On December 13, 2021, Defendant Lucas Denney was arrested in his home state of Texas on an arrest warrant issued from the United States District Court for the District of Columbia. Denney was charged with numerous felony violations related to his violent actions at the Capitol on January 6, 2021, including 18 U.S.C. §§ 111(a)(1) and (b) and 2, Assaulting, Resisting, or Impeding Certain Officers or Employees and Using a Deadly or Dangerous Weapon or Inflicting Bodily Injury; 18 U.S.C. § 231(a)(3), Obstruction of Law Enforcement During Civil Disorder; 18 U.S.C. § 1512(c) and (k), Obstruction of an Official Proceeding and Conspiracy to Obstruct an Official Proceeding; 18 U.S.C. §§ 1752(a)(1), (2), (4) and (b)(1)(A), Knowingly Entering or Remaining in any Restricted Building or Grounds with a Deadly or Dangerous Weapon, Disorderly and Disruptive Conduct in any Restricted Building or Grounds

with a Deadly or Dangerous Weapon, and Engaging in Physical Violence in any Restricted Building or Grounds with a Deadly or Dangerous Weapon; and 40 U.S.C. § 5104(e)(2)(F), Violent Entry and Disorderly Conduct on Capitol Grounds. ECF Nos. 1, 5.

Denney made his initial appearance in the Western District of Texas in front of Magistrate Judge Collis White on December 14, 2021. *See* Exhibit A, Criminal Docket for Case No. 21-mj-2264 CW. On December 17, 2021, Judge White detained Denney and issued an order of removal, as well as an order detaining Denney without bond. *See* Exhibit B, Order of Removal, and Exhibit C, Order of Removal and Detention. Judge White found by "clear and convincing evidence that [Denney] . . . poses a danger to others." Exhibit C at 2. Denney was thereafter transported to the District of Columbia and arrived on January 31, 2022. Exhibit D, February 1, 2022, email correspondence from Elizabeth Oglesby.

On March 2, 2022, Denney filed a Motion for Release from Custody arguing that no court had conducted a preliminary hearing within 14 days of his initial appearance as required under Federal Rule of Criminal Procedure 5.1(c). ECF No. 16. The Government filed its response on March 3, 2022. ECF No. 21. On March 5, 2022, Denney filed an Emergency Motion for Release from Custody and Emergency Motion to Dismiss Case, ECF No. 23, and a related Errata Notice, ECF No. 24, arguing that the complaint should be dismissed as the Government had failed to file an information or obtain an indictment within the 30-day time period provided by the Speedy Trial Act, 18 U.S.C. § 3161(b).

On March 7, 2022, however, a federal grand jury returned a one-count indictment against Denney alleging he assaulted a federal officer with a dangerous weapon on January 6, 2021, in violation of 18 U.S.C. § 111(a) and (b). ECF No. 25. On the same day, Magistrate Judge Zia Faruqui held a status conference related to Denney's two motions. During the hearing, the Court set a briefing schedule for Denney's emergency motion that was later

memorialized for the parties in a March 8, 2022, minute order. Judge Faruqui also denied Denney's Motion for Release (ECF No. 16) as moot because the grand jury had returned an indictment against him.

On March 17, 2022, Denney pleaded guilty to the one-count indictment without the benefit of a plea agreement. March 17, 2022, Minute Order. After the plea, this Court continued Denney's detention pending sentencing. *Id*. Sentencing is scheduled for July 21, 2022. May 9, 2022, Minute Order. On May 11, 2022, Denney filed the current petition requesting release pending his sentencing in July 2022. ECF No. 42. This Court entered a minute order on May 12, 2022, ordering the Government to respond to Denney's petition by May 17, 2022. Because Denney has failed to meet his burden of clearly demonstrating that there are exceptional reasons that would justify his release pending sentencing in this matter, the United States requests that the Court affirm Magistrate White's decision and deny his petition.

**LAW RELATED TO DETENTION PENDING SENTENCING**

Pursuant to 18 U.S.C. § 3143(a)(2), in relevant part, the Court "shall order that a person who has been found guilty of an offense [that is a crime of violence] and is awaiting imposition . . . of sentence be detained." When, as here, a defendant pleads guilty, the mandatory detention provision applies unless both an attorney for the United States "has recommended that no sentence of imprisonment be imposed," and this Court finds by clear and convincing evidence that Denney is neither a flight risk nor a danger. *See* 18 U.S.C. §§ 3143(a)(2)(A)(ii), (B). And even where both of those conditions apply, a defendant is entitled to release only where the judicial officer further finds that there are exceptional reasons why a defendant's detention is not appropriate and finds clear and convincing evidence that the defendant is not a flight risk or a danger. 18 U.S.C. § 3145(c). *See United States v. Meister*, 744 F.3d 1236, 1237-38 (11th Cir.

2013) (holding that district court has jurisdiction to grant release pending sentencing under Section 3145(c)).[1]

**LAW ON EXCEPTIONAL REASONS**

A defendant bears "the burden of proof to clearly show exceptional" reasons when seeking release pursuant to Section 3145(c). 18 U.S.C. § 3145(c); *see also United States v. Bonczek*, No. CR 08-0361 PAC, 2009 WL 2924220, at *2 (S.D.N.Y. Sept. 8, 2009). In determining what constitutes section 3145(c) exceptional reasons, courts have closely analyzed the "only useful historical document" – a letter from the Justice Department to Senator Paul Simon, the sponsor of the legislation, which "propos[ed] the 'exceptional reasons' provision and suggest[ed] two hypothetical situations where it might apply." *See United States v. DiSomma*, 951 F.2d 494, 497-98 (2d Cir. 1991) (citing Letter from Assistant Attorney General Carol T. Crawford to Honorable Paul Simon (July 26, 1989) ("Crawford Letter")); accord *United States v. Garcia*, 340 F.3d 1013, 1016 17 (9th Cir. 2003) (same). The two examples the Crawford Letter outlined were:

> [F]irst, an elderly man with lifelong community ties, [who was] convicted under the federal murder statute of the mercy killing of his wife, challenges the applicability of that statute to mercy killings, a question of first impression in the circuit. The second example posited a seriously wounded drug dealer whose appeal raised a novel search and seizure issue which could change the outcome of his trial.

*See DiSomma*, 951 F.2d at 497-98.

The Crawford Letter is set forth in full in the *Garcia* decision. *Garcia*, 340 F.3d at 1017, n.4. The Crawford Letter suggested "that exceptional reasons exist where, due to a truly unusual

---

[1] As it has in prior cases, the Government continues to argue that appeal pursuant to 18 U.S.C. § 3145(c) is limited to consideration by federal appellate judges, *see United States v. Harris*, 451 F.Supp.3d 64, 68 (D.D.C. 2020), but recognizes this Court's contrary conclusion in *Harris* and proceeds accordingly. *Id*. at 70.

circumstance or combination of circumstances, it would be unreasonable, despite the general policy favoring incarceration contained in section 3145(c), to order a particular defendant to be incarcerated pending [sentencing or] appeal." *Id*. at 1017; *see also DiSomma*, 951 F.2d at 497 (noting that the Crawford Letter described relief under section 3145(c) in circumstances that are "out of the ordinary").

Case law interpreting Section 3145(c)'s release provision has generally adhered to the principles forwarded in the Crawford Letter. To establish "exceptional reasons" for section 3145(c) a "court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors ... it would be unreasonable to incarcerate the defendant" pending sentencing. *Garcia,*340 F.3d at 1018. Indeed, the Eighth Circuit has defined "exceptional" under § 3145(c) as "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007)

Courts also generally agree that the district court is vested with "broad discretion . . . to consider all the particular circumstances of the case before it." *Garcia*, 340 F.3d at 1016-17; *DiSomma*, 951 F.2d at 497; *see also United States v. Wiggins*, ---F.Supp.---, 2020 WL 1868891, *6 (D.D.C. 2020).

Despite the case-by-case evaluation that this inquiry warrants, examining what other courts have found constitute § 3145(c) exceptional reasons is informative. For instance, courts found that the following circumstances did not constitute § 3145(c) exceptional reasons:

- United States' stipulation insufficient: *In re Sealed Case*, 242 F. Supp. 2d 489, 495-96 (E.D. Mich. 2003) (dicta).
- Lack of criminal history, being a student, and being employed, either separately or in combination, insufficient: *see United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004); *United States v. Verbickas*, 75 F. App'x 705, 706 (10th Cir. 2003) (unpublished).

- Lack of criminal history, complying with pretrial release conditions, paying child support, and maintaining employment, either separately or in combination, insufficient: *see United States v. Larue*, 478 F. 3d. 924, 925 (8th Cir. 2008) (per curiam); *United States v. Little*, 485 F.3d 1210, 1210-11 (8th Cir. 2007) (stating full compliance with pretrial release conditions and timely appearance at all court proceedings not exceptional reasons); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (finding successful completion of substance abuse program not exceptional reason); *United States v. Green*, 250 F. Supp. 2d 1145, 1150-51 (E.D. Mo. 2003) (same).
- Lack of criminal history, age (53), use of a wheelchair and need for a special mattress to avoid pain, limited ability to hear making it difficult for defendant to communicate, and need to care for elderly mother, either separately or in combination, insufficient: *see United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008); *United States v. Wright*, 2009 WL 87604, at *3 (D. Utah Jan. 12, 2009) (holding family members "need for care due to age or infirmity not exceptional reason); *United States v. Mellies*, 496 F. Supp. 2d 930, 937 (M.D. Tenn. 2007) (same).
- Lack of potential danger to the community insufficient: *see United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring in order denying petition for rehearing en banc) (ruling danger to the community is a predicate condition of Section 3143(a)(1), and thus it does not establish an "exceptional reason," absent some other factor else making it extraordinary).
- Health conditions rarely sufficient: *see Wages*, 271 F. App'x at 727; *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (finding treatment for depression not exceptional); *Mellies*, 496 F. Supp. 2d at 936-37 (ruling ongoing extensive dental treatment not exceptional); *United States v. Lieberman*, 496 F. Supp. 2d 584 (E.D. Pa.

2007) (holding availability of experimental treatment in China for paralysis resulting from being shot by cohort during the robbery not an exceptional reason).

- Nature of offense of conviction insufficient even where it might subject defendant to violence if detained in a local jail while awaiting assignment to a federal correctional institution: *see Brown*, 368 F.3d at 993 (defendant convicted of receiving child pornography); *Koon*, 6 F.3d at 563 (holding that even though defendants were law enforcement officers convicted of violating another's civil rights under 18 U.S.C. § 242, "Congress created no law enforcement official exception to mandatory detention").
- Voluntarily giving incriminating statements, and consenting to seizure of personal computer insufficient: *United States v. Little*, 485 F.3d 1210, 1210-11 (8th Cir. 2007);
- Release of co-defendants insufficient: *see Verbickas*, 75 F. App'x at 706 (stating "[w]hether the court erred in the release of other defendants does not [constitute an exceptional reason] . . . for release of these defendants . . . .").
- Family member's offers to house and/or supervise a defendant insufficient: *see Wright*, 2009 WL 87604, at *3.
- Inconvenience to the United States Marshals Service in transporting defendant to/from court hearings insufficient: *see United States v. Mostrom*, 11 F.3d 93, 94 (8th Cir. 1993).

**ARGUMENT**

Here, Denney has pleaded guilty to assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111(a) and (b), which is a crime of violence. *See United States v. Klein*, 533 F. Supp. 3d 1, 10 (D.D.C. 2021) (Bates, J.). His guilty plea to a crime of violence entails that detention is mandatory unless the government does not recommend a term of imprisonment and this Court concludes by clear and convincing evidence that Denney "is not likely to flee or pose a danger to the safety of any person or the community if released." *See* 18

U.S.C. § 3143(a)(2) (cross-referencing 18 U.S.C. § 3142(f)(1)(A)). Because the United States is seeking a term of imprisonment in this case, his detention pending sentencing is therefore mandatory. As such, Denney may only be released if the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released," and that Denney "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." *See* 18 U.S.C. §§ 3143(a)(2)(B), 3145(c). Because Denney has not established any exceptional reasons justifying the extraordinary step of releasing him pending sentencing, the Court should not order Denney's release.

## I. Denney is and Remains a Danger to the Community.

Judge White correctly concluded before Denney's guilty plea that no condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and the community. As the legislative history of the 1984 Bail Reform Act amendments shows:

> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . . .

*See* S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3195-3196.[2]

---

[2] To that end, it is worthwhile recalling Congress' intent in 1984 when it enacted the current version of the Bail Reform Act:

> Many of the changes in the Bail Reform Act reflect the . . . determination that Federal bail laws must . . . give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released. . . . The constraints of the Bail Reform Act fail to grant the Courts the authority to impose conditions of release geared toward assuring community safety, or the authority to deny release to those defendants who pose an especially

Here, Denney is subject to mandatory detention pursuant to 18 U.S.C. §§ 3143(a)(2) as he has pleaded guilty to a crime of violence. The evidence also clearly shows that Denney is a danger to the community and poses a serious risk of obstruction of justice. There remains no conditions or combination of conditions which can effectively ensure the safety of any other person and the community.

During the course of the January 6, 2021, siege of the U.S. Capitol, multiple law enforcement officers were assaulted by an enormous mob, which included numerous individuals with weapons, bulletproof vests, and pepper spray who were targeting the officers protecting the Capitol. Additionally, the violent crowd encouraged others in the crowd to work together to overwhelm law enforcement and gain unlawful entry into the U.S. Capitol.

As set forth in the Complaint, Denney engaged in extensive planning in the weeks leading up the January 6, 2021, using Facebook to recruit individuals to join his militia and to travel with him to Washington, D.C. and to fundraise for lodging and supplies for January 6 – including to purchase protective gear and medical supplies. He also discussed with others, including his co-defendant, Donald Hazard, his efforts to procure weapons and protective gear in anticipation of violence. Once at the Capitol, Denney used his knuckle-gloved fists, his feet, a pole, metal bike racks, and a cylindrical tube to assault and interfere with law enforcement. He engaged in repeated, unrelenting assaults on uniformed law enforcement officers protecting the

---

> grave risk to the safety of the community. . . . *This broad base of support for giving judges the authority to weigh risks to community safety in pretrial release decisions is a reflection of the deep public concern, which the Committee shares, about the growing problem of crimes committed by persons on release.*

*See* S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3486-3487. (Emphasis added.)

Capitol. His actions were not the actions of a man caught up in the moment, but rather the culmination of weeks of planning for and anticipating violence.

Following January 6, 2021, Denney continued to engage in obstructive and dangerous conduct. On January 9, 2021, he instructed co-defendant Hazard to "keep quite [sic] this week." That same day, Denney "unsent" several Facebook messages to Hazard, dating from January 5-8, 2021, resulting in their deletion. Shortly thereafter, Denney deactivated his Facebook account.

On August 26, 2021, in a video posted to Tik Tok, Denney expressed violent anti-government, anti-law enforcement views, stating in part: "Big shoutout to the FBI because you're fucking traitors. FBI, you're on the wrong fucking side, you're on the wrong fucking side of this. . . . I'm calling for a military coup. . . . Go ahead and do a military coup and get this motherfucker out of office, these communists out of office, and you need to get Trump back in there to fix this shit." Denney also stated that if Donald Trump were not reinstated as president, the United States will face "World War III and a civil war all at once. The worlds fucking blowing up. Get these motherfuckers out of office now."

The factors under 18 U.S.C. § 3142(g) favored detention in December 2021 and continue to weigh in favor of Denney's detention now, to wit: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. In this case, there is no condition or combination of conditions that will reasonably assure the safety of the community if Denney is released, and he must continue to be held pending the final disposition in this matter.

## II. Denney Cannot Demonstrate Exceptional Reasons to Justify His Release Pending Sentencing.

In his petition, Denney appears to advance the following circumstances to support a finding of exceptional reasons to support his release pending sentencing: (i) the absence of a transcript from the Texas district court for the detention hearing; (ii) his pretrial detention and the "illegal" actions of the Government; (iii) the fact that he has offered his cooperation; and (iv) the fact that he needs to attend to his "personal affairs and family needs" before surrendering to the Bureau of Prisons. ECF 42 at 6-7. None presents a reason for release.

First, the absence of a transcript from the Texas court makes no difference as to whether there are "exceptional reasons" for release. This Court reviews detention decisions *de novo* and can re-hear any evidence, review new evidence, and can even hear new arguments in reaching a detention decision. This factor is not exceptional and in fact is not relevant to this Court's determination of detention given its *de novo* review.

Second, Denney's pretrial detention and the timing of the filing of the indictment in this case do not bear on the detention analysis. The Government filed a legitimate and legal indictment to which Denney ultimately pleaded guilty. Denney cites no statutes, no rules, and no case law to explain how the Government's admitted errors related to Federal Rule of Criminal Procedure 5.1 and the Speedy Trial Act somehow constitute exceptional circumstances. This is particularly so where Denney waived those same procedural rights when *he pleaded guilty* to the indictment he now claims was illegal. This factor is not exceptional and is now not relevant given the current procedural posture of the case.

Similarly irrelevant is the fact that Defendant has offered to cooperate with the Government. His proffered cooperation is unhelpful to any Government investigations, is not exceptional in any way, and is not worthy of pre-sentence release. Denney's attempt to compare

himself to three cooperating defendants in separate and distinct cases only highlights the differences, not the similarities, between his case and the comparators. [3]

Finally, and while certainly the most sympathetic of his reasons, Denney's personal circumstances involving his two teenage sons fall short of anything exceptional. *See United States v. Velarde*, 555 F. App'x 840 (10th Cir. 2014) (personal and family concerns are not exceptional reasons under 18 U.S.C. § 1345(c)); *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (defendant's three tours of duty in Iraq and Afghanistan not exceptional); *United States v. Lea*, 360 F.3d 401, 403-04 (2nd Cir. 2004); *United States v. Schmitt*, 515 F. App'x 646, 647 (defendant's cooperation, and his elderly parents' needs not exceptional reasons); *United States v. Cook*, 42 F. App'x 803 (6th Cir. 2002); *United States v. Smith*, 34 F.Supp.3d 541, 554 (W.D. Pa. 2014) (in finding that a single mother of two children who works three jobs did not show exceptional reasons, the court stated: "Most courts agree that 'purely personal' circumstances do not typically rise to the level of exceptional."); *United States v. Miller*, 568 F.Supp.2d 764, 777 (E.D. Ky. 2008) (family hardship does not constitute exceptional reason); *United States v. Green*, 250 F.Supp.2d 1145, 1149 (E.D. Mo. 2003) ("personal reasons alone are not exceptional reasons"); *United States v. Lippold*, 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001) ("personal family hardships are very common"); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) ("family hardship is not an unordinary consequence of incarceration"). Without undermining the emotional loss Denney's two teenage sons may feel, their father's absence simply does not give rise to the uncommon or rare circumstance that would support a defendant's release under Section 3145(c).

---

[3] Other than an interview immediately following his arrest in December 2021, Denney has not met with any representatives of the Government since his arrest. His attorney has indicated that Denney is not prepared to answer questions from the Government without assurances as to how his statements may be used yet is not prepared to enter into a standard debrief agreement meant to provide those assurances. Denney has provided some information through his attorney; however this information was high-level and non-actionable.

In summary, there is simply nothing unusual or uncommon about the current procedural posture of this case. Denney has chosen to plead guilty to a valid indictment and is now awaiting sentencing on July 21st. He remains a danger to the community and, as discussed herein, he has not offered this Court any exceptional reasons that would justify the rare circumstance of releasing a defendant pursuant to Section 3145(c).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the relief sought in Denney's Petition for Release of Custody Pending Sentencing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jennifer M. Rozzoni*
Jennifer M. Rozzoni
NM Bar No. 14703
Benet J. Kearney
NY Bar No. 4774048
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(505) 350-6818 / (212) 637-2260
Jennifer.M.Rozzoni@usdoj.gov
Benet.Kearney@usdoj.gov