UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 22-cr-00070 |
| ) | |
| LUCAS DENNEY ) | |
| ) | |
| Defendant ) | |
| ) | |

# DEFENDANT LUCAS DENNEY'S REPLY MEMORDANDUM IN SUPPORT OF HIS MOTION FOR RELEASE FROM CUSTODY PENDING SENTENCING

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

In a shocking – but hardly surprising – response to the Defendant's motion for release pending sentencing, the United States Department of Justice urges upon this Court the strict application of the statutory and case law relevant to the issue for the purpose of denying Mr. Denney a short period of release to attend to the needs of his minor children and get his affairs in order prior to surrendering to the Bureau of Prisons to serve whatever sentence might be imposed by this Court.

This is the same Department of Justice that both negligently and willfully violated Rules of Criminal Procedure and federal statutes in order to detain Mr. Denney for more than three months without due process, including having resorted to obtaining an indictment in violation of Mr. Denney's statutory rights for the purpose of preventing a Magistrate Judge of this Court from putting an end to his illegal detention.

As the Government notes, in United States v. Garcia, 340 F.3d 1013, 1016-17 (9th Cir. 2003), the Ninth Circuit observed that district courts have "broad discretion" to consider all the facts and circumstances in a particular case when evaluating whether to release a defendant under terms and conditions pending sentencing.

But the Government urges this Court to conduct a comparative analysis of other cases involving "exceptional reasons" for release as a basis for evaluating the motion made here by Mr. Denney.

Mr. Denney suggests this is not the proper context for the Court's examination – unless the Government cites for the Court other cases where the Department of Justice unlawfully held a defendant in detention for a period of more than 90 days, then violated a statutory prohibition by obtaining an out-of-time indictment for the SOLE PURPOSE of continuing that illegal detention.

Those are the facts of this case and the legal record made by the Government here.

Noteworthy in all the cases cited by the Government at pages 5-6 of its Memorandum is the absence of any reference to matters in this District related to January 6: <u>United States v. Joshua James</u>, 22-cr-15 (APM); <u>United States v. Brian Ulrich</u>, 22-cr-15 (APM); and <u>United States v. William Wilson</u>, 22-cr-152 (APM).

All three have pled guilty to violating 18 U.S.C. § 2384 – "Seditious Conspiracy" – wherein they admitted to conspiring to use force for the purpose of interfering with the lawful transfer of presidential power. Defendant James stipulated in his plea agreement that he was a "leader" of the alleged conspiracy.

All three defendants are out of custody pending sentencing, with no sentencing date having been set by request of the parties. All three are free with no outside date for when they might be required to begin serving their custodial sentences.

Based on the Government's reading of the statute, one of two things must be true as to those three defendants: Either the offense of conviction is not a "crime of violence", or the Government does not intend to seek a term of imprisonment in connection with their convictions. See Government's Brief at p. 7.

If the Government's view is that "Seditious Conspiracy" is not a crime of violence, there are defendants in pretrial detention in the <u>United States v. Rhodes</u> case, 22-cr-15 (APM) who would like that representation to be made on the record.

It seems unlikely that the Government will represent to this Court that it does not intend to seek terms of imprisonment for Defendants James, Ulrich, and Wilson considering the guideline calculations included in their plea agreements.

There doesn't seem to be a third alternative under the law – except for the alternative that the only defendants granted release pending sentencing are the ones favored by the Government – yet another example of the Department of Justice's election to comply with statutory mandates

only when that suits its purposes. Defendants James, Ulrich, and Wilson are all free on release pending sentencing because the Government chose to not seek their detention under circumstances where – as the Government claims here – detention pending sentencing seemed to be mandated.

Mr. Denney has attempted to cooperate. Through counsel he has offered information and expressed a willingness to answer questions. What more would be required for him to receive EQUAL treatment from the Government to that given to defendants James, Ulrich, and Wilson?

As for the balance of the Government's response, on the question of whether Mr. Denney remains a danger to the community, Mr. Denney asks the Court's to consider United States v. Schaffer, 22-cr-306 (APM)(D.D.C. Apr. 16, 2021). Defendant Shaffer was released on personal recognizance after pleading guilty notwithstanding the fact he had been detained up to that point. His guilty plea was said to indicate a level of remorse, accountability, and acceptance of responsibility for the Capitol attack such that it significantly reduced the risks of dangerousness that would be posed by his release.

This precise language was cited favorably by Chief Judge Howell in her written opinion in United States v. Mock, 21-cr-444 JEB (ECF Doc. No. 20, p.14 of 17)(D.D.C. June 29, 2021).

Mr. Denney pled guilty at the earliest possible moment available to him. He admitted the allegations made against him by the Government in the sole count of the indictment. His conduct "indicate(s) a level of remorse, accountability, and acceptance of responsibility for the Capitol attack such that it significantly reduce(s) the risks of dangerousness that would be posed by his release" in a manner no different than was true of Defendant Shaffer.

As for the myriad allegations within the Complaint upon which the Government asks the Court to rely, one fact is noteworthy among those recited by FBI Special Agent James Farris who served as affiant for the Complaint. At page 19 of his Affidavit, SA Farris represented that

"Based on my review of BWC [body worn camera] footage and other publicly available video footage, I have observed …" He then goes on to make a series of observations and conclusions that were supposedly based on his personal review of the video footage.

At page 27, the Special Agent swore under oath:

> Officer K.K. then deployed a crowd-control spray and Denney retreated into the crowd.
> Less than a minute later, Denney picked up a long ***metal pole*** from the ground which he swung towards Officer K.K., as depicted below.

When the Government presented this case to the grand jury on the morning of March 7, 2022, the single count grand jury indictment that was returned charged Mr. Denney as follows:

> On or about January 6, 2021 … LUCAS DENNEY, using a dangerous or deadly weapon, that is, a long ***gray-in-color pole,*** did forcibly assault … K.K., an officer of the Metropolitan Police Department.

The fact is that the BWC footage from Officer K.K.'s camera showed that the pole in question "flexed" or bent in a manner inconsistent with it being metal. In addition, at one point Officer K.K. managed to grab one end of the pole and the video footage clearly shows it was plastic – not metal.

This is not a circumstance where SA Farris was acting under time pressure – his Affidavit in support of the Complaint was signed on December 7, 2021, 11 months after the incident.

The fact that SA Farris would be so careless – at best – as to describe the object as a "metal pole" when the video clearly shows it was not – a fact conceded by the Government when it was unwilling to go on the record with the grand jury that the pole in question as made of metal – is more than sufficient reason to adopt a cautions approach to any of the other conclusions drawn by SA Farris in his Affidavit.

Beyond that, most of the allegations referred to by the Government in the Complaint will be contested at sentencing. The Government supposedly had this information/evidence on

5

March 7, 2022, when it went to the grand jury, but did not seek to have Mr. Denney charged by indictment with that alleged evidence.

Mr. Denney traveled to Washington D.C. with two individuals. They were part of a political organization which the Government characterizes with the pejorative term "militia". The Government does so notwithstanding the fact that this supposed "militia" has no involvement in quasi-military training or "gun-play" of any kind. The organization has a website with pictures of political rallies and barbeques where it describes itself expressly as having been organized to support the election of conservative politicians to office in Texas.

Mr. Denney's outburst on a video posted on August 26, 2021, requires context omitted by the Government – shocking.

On that day a suicide bomber at Harmid Karzai Airport in Kabul, Afghanistan, caused the death of 13 United States military personnel as well as more than 70 Afghan civilians who were attempting to flee Afghanistan as part of the US military and governmental withdrawal.

Mr. Denney is a decorated combat veteran of the United States Army. He served more than four years as a Military Policeman, including one tour of duty in Iraq. He was medically discharged after suffering life-threatening injuries in a vehicle accident near the border between Iraq and Iran. He has been determined to be 100% disabled by the Veteran's Administration, and has not been able to maintain employment since his discharge. His primary source of financial support is a monthly disability check from the Department of Defense.

Yes, Mr. Denney had an emotional outburst on August 26, 2021, after seeing news reports of the deaths of US military personnel during the chaotic effort to evacuate United States citizens and Afghan civilians through the airport in Kabul. Yes, Mr. Denney blamed the policies and evacuation procedures of the current Administration for those soldiers' loss of life.

Apparently, the Department of Justice was not paying attention to the events around the world that day since the context for Mr. Denney's emotional outburst is found nowhere in its Response.

Dated: May 21, 2022 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ *William L. Shipley*
　　　　　　　　　　　　　　　　　William L. Shipley, Jr., Esq.
　　　　　　　　　　　　　　　　　PO BOX 745
　　　　　　　　　　　　　　　　　Kailua, Hawaii 96734
　　　　　　　　　　　　　　　　　Tel: (808) 228-1341
　　　　　　　　　　　　　　　　　Email: 808Shipleylaw@gmail.com

　　　　　　　　　　　　　　　　　*Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I, William L. Shipley, hereby certify that on this day, May 21, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ William L. Shipley<br>
William L. Shipley, Jr., Esq.