UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22-cr-00070 |
| ) | |
| LUCAS DENNEY ) | |
| ) | |
| Defendant ) | |

**DEFENDANT LUCAS DENNEY'S SUPPLMENT TO SENTENCING MEMORANDUM**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

The record before this Court for purposes of sentencing does include any facts determined on the basis of a jury's verdict.  The record before this Court includes a limited set of factual admission by the Defendant relating directly to the count of conviction—the assault on Officer KK with the plastic pipe.

The PSR includes numerous "facts" that rely on source materials provided by the Government,  and the Government seeks to introduce many of these source materials as evidence for this Count to consider for purposes of sentencing.

While these materials may or may not have relevance under 18 U.S.C. Sec. 3553(c), this material ahould not be considered by this Court for purposes of determining the correct calculation of the Adjusted Offense Level and Guideline Range under the United States Sentencing Guidelines.

Pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296, (2004) and  <u>U.S. v. Booker</u>, 543 U.S. 220 (2005), the only facts a court ahould consider in making guideline determinations are facts established by a jury verdict or admitted to by the defendant.  Guideline enhancements based on judge-founds facts, which increase the applicable sentencing range violate the Sixth Amendment right to a jury trial.

In <u>Booker,</u> the defendant was convicted by a jury of having distributed at least 50 grams of crack cocaine.  At sentencing, the court found by a preponderance of the evidence that Booker possessed an additional 566 grams, and that he obstructed justice.  Based on those findings the court sentence Booker to 360 months.

The Supreme Court reversing holding:

> "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a guilty plea or a jury verdict must be admitted by a defendant or proved to a jury beyond a reasonable doubt."

Id.

A fact is "essential to the punishment" if, absent the finding of fact, the judge could not impost the given punishment, ie., would be required to impose a lower sentence.

The +2 level guideline enhancement for "more than minimal planning" is wholly dependent on facts that have not been admitted by Denney. They are not part of the offense of conviction, and therefore cannot be the subject of judicial fact-finding at sentencing in order to increase Denney's guideline range.

Similarly, although Denney admitted to using a dangerous instrument as an element of the offense, he did not admit to doing so with the intent to cause bodily injury which is a factual finding necessary to support the +4 level enhancement when a "dangerous instrument not otherwise a weapon" is involved in the assault conduct such as is the case here.

In his affidavit, Mr. Denney denies that he intended to injury Officer KK, and states that he was attempting to knock the pepper spray device out of his hands. The video evidence supports his claim in this regard.

For sentencing purpose, as noted by the Government, the courts initial obligation is to arrive at the correct calculation under the guidelines.

The base offense level is 14.

Two enhancements are not disputed as both are supported by facts established in the admissions made by Mr. Denney in his guilty plea.

1. A +6 enchantment for "official victim."
2. A +2 enhancement for conviction under the (b) subparagraph of Sec. 111.

Two enhancements recommended by the PSR and sought by the government require findings of facts that were not part of the admissions made by Mr. Denney's as part of his guilty plea and therefore prohibited by Booker and Blakeley from being judicially determined for purposes of guideline calculations at sentencing.

1. A +2 enhancement for "more than minimum planning."
2. A +4 enhancement for "use of a deadly weapon."

The Court cannot supply the necessary factual findings for these two enhancements.  Therefore, there is an insufficient factual basis upon which to determine that they should be included in the correct guideline calculation.

While the Government might claim that current case law in this Circuit allows for the use of uncharged or aquitted conduct at sentencing, the fact remains that the Guidelines do not require the Court to do so.  Further, the clear trend in Supreme Court jurisprudence, and the jurisprudence of the D.C. Circuit, runs against the use of such conduct.  This trend cuts across ideological lines, as it was most forcefully argued by the late Justices Scalia and Ginsburg, joined by Justice Thomas, it their dissent to denial of certioriari in <u>Jones v. United States,</u> ___ U.S. ___, 135 S.Ct. 8, 9, 190 L.Ed.2d 279 (2014).

While on the D.C. Circuit, Justice Kavanaugh expressed similar unhappiness with the use or uncharged and acquitted conduct at sentencing

in United States v. Bell, 808 F.3d 926, 929 (D.C. Cir. 2015), where he joined the quite cogent and persuasive concurrence of Judge Millett in that case:

> Because the Sentencing Guidelines have "force as the framework for sentencing," Peugh v. United States, ___ U.S. ___, 133 S.Ct. 2072, 2083, 186 L.Ed.2d 84 (2013), and because, in the usual case, "the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range," Freeman v. United States, ___ U.S. ___, 131 S.Ct. 2685, 2692, 180 L.Ed.2d 519 (2011), the Guidelines demark the de facto boundaries of a legally authorized sentence in the mine run of cases. Given that reality, the Sixth Amendment should not tolerate the use of acquitted conduct specifically rejected by the jury to provide the required "significant justification" for tripling a defendant's sentence. See Jones, 135 S.Ct. at 8-9 (Scalia, J., joined by Thomas and Ginsburg, JJ., dissenting from the denial of certiorari) ("It unavoidably follows that any fact necessary to prevent a sentence from being substantively unreasonable — thereby exposing the defendant to the longer sentence — is an element that must 932*932 be either admitted by the defendant or found by the jury. It may not be found by a judge," especially when "a jury acquitted them of that offense.").

As noted by Justice Kavanaugh, just because a sentencing court can consider uncharged and aquitted conduct does not mean the court should consider such conduct when making a sentencing determinations. The trend in jurisprudence runs against judicial fact-finding at trial which undermines a defendant's Sixth Amendment rights.

In considering the Section 3535(a) factors, the Court must do so in two distinct steps.

First, the Court must consider the overriding and basic principle that whatever the sentence imposed, it is "sufficient, but not greater than necessary" to accomplish the four purposes set forth in 3553(a)(2).

This initial qualification is an overall limiting factor on the following four subparagraphs of Sec. 3553(a)(s), as no sentence shall be imposed that is greater than necessary to address these factors.

Even a guideline sentence may be too great under 3553(a) factors if such a sentence is "greater than necessary" to meet the requirements.

The guideline range determination is not a presumptively reasonable sentence, and courts need not justify taking individual cases outside of the guideline range in an exercise of discretion.

Dated: July 21, 2022             Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*