<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 2
     UNITED STATES OF AMERICA,
 3                                        Criminal Action
              Plaintiff,                  No. 1:22-cr-0070
 4
          vs.                             Washington, DC
 5                                        March 17, 2022
     LUCAS DENNEY,
 6                                        3:34 p.m.
              Defendant.
 7   _____/

 8          TRANSCRIPT OF HYBRID ARRAIGNMENT/PLEA HEARING
              BEFORE THE HONORABLE RANDOLPH D. MOSS
 9                UNITED STATES DISTRICT JUDGE

10   APPEARANCES:

11   For the Government:     JENNIFER ROZZONI    (by video)
                               DOJ-USAO
12                             201 3rd Street, NW, Suite 900
                               Albuquerque, NM 87102
13
                             BENET KEARNEY    (by video)
14                             DOJ-USAO
                               One Saint Andrew's Plaza
15                             New York, NY 10007

16   For the Defendant:      JOHN PIERCE    (in-person)
                               John Pierce Law
17                             2550 Oxnard Street, 3rd Floor
                               Woodland Hills, CA 91367
18
                             WILLIAM SHIPLEY, JR.    (by video)
19                             Law Offices of William L. Shipley
                               841 Bishop Street, Suite 2201
20                             Honolulu, HI 96813

21   Also Present:           MARY DORHMANN, DOJ-USAO    (in-person)

22

     Court Reporter:         JEFF M. HOOK
23                             Official Court Reporter
                               U.S. District & Bankruptcy Courts
24                             333 Constitution Avenue, NW
                               Room 4700-C
25                             Washington, DC 20001
</pre>

**P R O C E E D I N G S**

1

2      **DEPUTY CLERK:**  This is criminal action 22-70, the

3  United States of America v. Lucas Denney.  The defendant is

4  present.  Appearing for the Government by video, Jennifer

5  Rozzoni and Benet Kearney; and in the courtroom standing in

6  is Mary Dohrmann.  Appearing by video for the defendant,

7  William Shipley, Jr.; and in the courtroom for the

8  defendant, John Pierce.

9      **THE COURT:**  Well, thank you, everyone.  I

10  appreciate you reconvening on short notice.  Before we get

11  going, let me ask Mr. Pierce whether Mr. Denney has any

12  objection to our proceeding in this hybrid fashion today

13  where Mr. Shipley and Ms. Rozzoni are on the video,

14  counsel -- you're present in the courtroom as is another

15  lawyer from the Justice Department or from the U.S.

16  Attorney's Office?

17      **MR. PIERCE:**  No objection, Your Honor.

18      **THE COURT:**  Okay.  Well, I conclude that given the

19  fact that, among other things, Mr. Shipley is in Hawaii, and

20  the difficulties associated with traveling during the

21  pandemic, that it's appropriate for us to proceed in this

22  hybrid fashion today.

23      Why don't we start, Kristin, with the arraignment

24  on the indictment.

25      **DEPUTY CLERK:**  Yes, Your Honor.  May the record

1  reflect that the defendant has received a copy of the

2  indictment.

3          Lucas Denney, in criminal action 22-70 in which

4  you are charged in a one-count indictment with assaulting,

5  resisting or impeding certain officers using a dangerous

6  weapon, do you waive the formal reading of the indictment,

7  and how do you wish to plea?

8          MR. PIERCE:  On behalf of Mr. Denney, Your Honor,

9  he does waive formal reading of the indictment, and he

10  pleads guilty.

11          THE COURT:  Okay.  Let me ask you -- and why don't

12  you stay at the podium just for a moment.

13          MR. PIERCE:  Yes, sir.

14          THE COURT:  So Mr. Denney had filed, and I think

15  just recently withdrew, a motion to dismiss the indictment

16  on the grounds that it was not filed within the time limit

17  specified under the Speedy Trial Act, correct?

18          MR. PIERCE:  That's right, Your Honor.

19          MR. SHIPLEY:  Your Honor, we -- Your Honor?

20          THE COURT:  Yes.

21          MR. PIERCE:  Go ahead, Bill.

22          THE COURT:  Mr. Shipley.

23          MR. SHIPLEY:  The motion to dismiss was as to the

24  complaint.  It was filed at a time before the indictment was

25  returned.

1     **THE COURT:**  I thought -- or maybe there's not an

2     issue.  I thought there was a separate issue that you had

3     raised, but maybe not, with respect to the indictment, and

4     whether the indictment was returned in a manner -- maybe the

5     Government had just anticipated that you might do that.  But

6     I thought there was at least a separate issue with respect

7     to whether the indictment was proper because of the passage

8     of time and the Speedy Trial Act.

9     **MR. SHIPLEY:**  Well, I think that it was an issue

10    that was raised with Judge Faruqui and was subject to

11    briefing.  But at the time I filed my motion, it was unique

12    and related only to the complaint, because it was before the

13    indictment was -- had been returned.

14    **THE COURT:**  Well, that's fine.  Because I think

15    this leads to the same question that I had one way or the

16    other, and that is whether Mr. Denney is waiving any

17    objection that he might have under the Speedy Trial Act to

18    the timeliness of the indictment to which he's pleading

19    guilty?

20    **MR. SHIPLEY:**  Yes, Your Honor, we are.

21    **THE COURT:**  And Mr. Shipley, have you had an

22    adequate time to confer with Mr. Denney about that and what

23    rights he might be giving up by doing so?

24    **MR. SHIPLEY:**  Yes, Your Honor.  I believe he would

25    confirm that.

1      **THE COURT:**  Well, I was going to ask Mr. Denney

2  now.  Is there a microphone there, Mr. Denney?

3      **DEPUTY CLERK:**  You can come to the podium.

4      **THE COURT:**  Yeah, you can come to the podium,

5  Mr. Denney.

6      So Mr. Denney, do you understand that under the

7  Speedy Trial Act, the Government is required to return an

8  indictment within a certain number of days; and in this

9  case, I think the Government concedes that it failed to

10  return the indictment within the period of time specified in

11  the Speedy Trial Act?

12      **THE DEFENDANT:**  Yes, Your Honor, I do.

13      **THE COURT:**  You understand that?

14      **THE DEFENDANT:**  Yes, sir.

15      **THE COURT:**  And do you understand that your

16  lawyers could seek dismissal of the indictment, and that

17  could be dismissal with or without prejudice, and that that

18  would be a question for the Court to decide?

19      **THE DEFENDANT:**  Yes, sir, I knew that.

20      **THE COURT:**  And have you had adequate time to talk

21  with your lawyers, plural, about whether you should waive

22  any right you might have under the Speedy Trial Act with

23  respect to the timeliness of the indictment?

24      **THE DEFENDANT:**  Yes, sir.

25      **THE COURT:**  Okay.  And based on the discussions

1  that you've had with your lawyers, do you knowingly and

2  voluntarily waive whatever objections you might have or

3  rights you might have under the Speedy Trial Act with

4  respect to the timeliness of the indictment?

5         **THE DEFENDANT:**  Yes, sir.

6         **THE COURT:**  And Mr. Shipley, I guess I've asked

7  you this already, but I just want to confirm that you feel

8  as though that Mr. Denney understands his rights, and he's

9  in a position to make a knowing and voluntary decision with

10  respect to whether to waive those rights?

11         **MR. SHIPLEY:**  Yes, Your Honor.  I will state for

12  the record we have discussed this over a period of hours.

13  He is well aware of what the requirements were and what the

14  facts are.

15         **THE COURT:**  All right, thank you.  So you can have

16  a seat, thank you.  Oh, actually, let me -- why don't you

17  stay here at the podium for a moment.  Before we proceed

18  further, I'm going to ask that the Deputy Clerk place you

19  under oath.

20         **DEPUTY CLERK:**  Please raise your right hand.  Do

21  you solemnly swear that you will well and truly answer all

22  questions propounded to you by the Court, so help you God?

23         **THE DEFENDANT:**  Yes, I do.

24         **THE COURT:**  Thank you.  Mr. Denney, do you

25  understand you're now under oath, and that if you don't

1    answer my questions truthfully today, that you could be

2    prosecuted for perjury, or for making false statements?

3        **THE DEFENDANT:**  Yes, sir.

4        **THE COURT:**  You can have a seat.  I'll have you

5    back up here in a little bit, but you can have a seat now.

6            So Mr. Denney, the purpose of today's hearing is

7    for you to make an important decision, a decision about

8    whether you want to put the Government to its burden of

9    proof beyond a reasonable doubt and to go to trial in the

10   case, and to raise whatever defenses you may have, or

11   whether you want to enter a plea of guilty.  And before you

12   do that, it's important that we establish that you're making

13   a knowing and voluntary and informed decision.  So I'm going

14   to go through a lot of things today.  If you have any

15   questions at any point about anything, just let me know and

16   I'd be happy to chat with you, answer your questions.  And

17   if you want to talk with Mr. Pierce or with Mr. Shipley

18   privately, you're welcome to do so, okay?

19       **THE DEFENDANT:**  Yes, sir.

20       **THE COURT:**  Our goal here is by the time we're

21   done with today's hearing, I want to make sure that you

22   understand the charges against you, you understand all of

23   your rights, and you understand the consequences of the

24   plea, okay?

25       **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:**  Ms. Kearney -- or is it --

2          **MS. DOHRMANN:**  Ms. Dohrmann.

3          **THE COURT:**  Ms. Dohrmann, okay, thank you.  I

4    don't know if you're speaking today or Ms. Rozzoni is.

5          **MS. DOHRMANN:**  Ms. Rozzoni will be speaking today

6    primarily.

7          **THE COURT:**  So Ms. Rozzoni, do you want to just

8    state for the record what the charges are?

9          **MS. ROZZONI:**  Yes, Your Honor.  It is a one-count

10   indictment that was filed on March 7th, 2022.  The charge is

11   one violation of 18 U.S.C. 111(a)(1) and (b).  It's

12   basically assaulting, resisting or impeding certain officers

13   using a dangerous weapon.

14         **THE COURT:**  Ms. Rozzoni, does the Government know

15   at this point in time or has it made a decision about

16   whether it is going to pursue any additional charges against

17   Mr. Denney?

18         **MS. ROZZONI:**  Your Honor, at this time, the

19   Government hasn't made that decision.

20         **THE COURT:**  Okay.  So let me ask Mr. Denney to

21   come back up to the podium.

22         So Mr. Denney, do you understand that as we sit

23   here today, we don't know whether the Government will bring

24   additional charges against you?

25         **THE DEFENDANT:**  I didn't know that.

1              **THE COURT:**  But do you understand that?  So by

2    pleading -- do you understand that by pleading guilty to the

3    indictment today, that doesn't necessarily preclude the

4    Government from bringing other charges against you?  Do you

5    understand that?

6              **THE DEFENDANT:**  I did not know that.

7              **THE COURT:**  You did -- I'm sorry?

8              **THE DEFENDANT:**  I didn't know that really, no.

9    No, sir.  If I can talk to them.

10             **THE COURT:**  Well, I'm telling you today that there

11   may be some defenses -- or various defenses you might have,

12   and it's possible that as to some charges the Government

13   might bring, you might have a double jeopardy defense.  But

14   it's also possible that as to other charges that they might

15   bring, you wouldn't have that.  And so by entering a plea of

16   guilty here today, I just want to make sure that you

17   understand that it may be, and it's possible, that the

18   Government is going to still bring other charges against

19   you.

20             In the usual course, the way it would work is the

21   Government would sort of make more of a complete decision

22   about whether it was bringing charges.  And if there was a

23   plea bargain, the plea bargain would outline in it what

24   charges the Government can bring in the future and what

25   charges the Government can't bring in the future.  And

1   because you're pleading guilty to the indictment today

2   without a plea bargain agreement, you don't have any

3   guarantees that the Government will not pursue additional

4   charges against you.

5            Do you understand that?

6            **THE DEFENDANT:**  I'm understanding what you're

7   telling me.

8            **THE COURT:**  I mean, that's obviously a big part --

9   a big issue for you here.  If you'd like, I'm happy to pause

10  things for a few minutes here and let you talk to Mr. Pierce

11  and to Mr. Shipley.  And we can find a place for you to talk

12  privately with Mr. Shipley as well if you want to.  But it's

13  an important aspect of this, because the law is complicated

14  with respect to what charges the Government can bring and

15  which ones it can't bring after you enter a plea.  But I

16  think it's fair to say that there's a good likelihood there

17  will be other charges, if the Government decided to, that it

18  could still bring against you.

19           **MR. PIERCE:**  Let's go ahead and have --

20           **THE COURT:**  Yeah, I think you should do that.  So

21  why don't I pause things here, give you an opportunity to

22  talk about that.

23           **MR. PIERCE:**  Is there a way to get a Zoom somehow

24  or should I put Mr. Shipley on the phone, Your Honor?

25           **THE COURT:**  Kristin is nodding her head.  So why

1    don't we go into a recess.  I'll ask the spectators and the

2    Government to leave the courtroom.  The marshals will stay

3    here, but I think that's -- they can respect your privacy

4    and you can have a conversation then.  Thank you.  Let me

5    know when you're ready for me again.

6           (Recess taken at 3:45 p.m.)

7           (Back on the record at 4:00 p.m.)

8           **THE COURT:**  Mr. Denney, do you want to come back

9    up to the podium.  After having had a chance -- oh, go

10   ahead, Mr. Pierce.

11          **MR. PIERCE:**  I'm not sure we have Mr. Shipley back

12   on yet, Your Honor.

13          **THE COURT:**  Let's make sure we get him.

14          There we go.  So back on the record.  Mr. Denney,

15   have you had a chance to confer with your lawyers about the

16   issue you and I were just discussing?

17          **THE DEFENDANT:**  Yes, sir, I have.

18          **THE COURT:**  And do you feel as though you had

19   enough time to talk to him about that question?

20          **THE DEFENDANT:**  Yes, sir, I do.

21          **THE COURT:**  So do you understand that it is

22   possible that the Government could bring other charges,

23   including charges relating to events that occurred on

24   January 6th, 2021, and that there's nothing in your plea

25   that would preclude the Government from doing that?

1       **THE DEFENDANT:**  Yes, sir, I understand.

2       **THE COURT:**  And do you understand as well that

3   even if the Government doesn't bring any additional charges

4   against you, at sentencing the Court could consider any

5   uncharged conduct for purposes of deciding what the

6   appropriate sentence is in the case; and there, the

7   Government's burden of proof would just be a preponderance

8   of the evidence?

9       **THE DEFENDANT:**  Yes, sir.

10      **THE COURT:**  And do you feel as though you've had

11  enough time to confer with your lawyers about that question?

12      **THE DEFENDANT:**  Yes, sir, I do.

13      **THE COURT:**  And you understand that that's a

14  really important question?

15      **THE DEFENDANT:**  Yes, sir.

16      **THE COURT:**  And I --

17      **MR. SHIPLEY:**  Your Honor, if I could be heard?

18      **THE COURT:**  Yes, please.

19      **MR. SHIPLEY:**  I've talked to Mr. Denney about some

20  of these issues.  The Court can consider uncharged relevant

21  conduct or acquitting conduct after a trial.  So he's not in

22  any worse position now than he would be after a trial.

23      **THE COURT:**  Well, perhaps the -- well, I just want

24  to make sure he understands his rights, and make sure that

25  he's received adequate counsel on these issues.  And he can

1    make his decision about how he wants to proceed in light of

2    that.

3         But with respect to the possibility that the

4    Government could bring other charges, I think last time we

5    were together you indicated that one of the reasons that you

6    thought strategically it might be in his interest to plead

7    to the indictment was that it might preclude the Government

8    from bringing other charges.  And as you know, under the

9    Blockburger test, there are charges here that the Government

10   included in its original complaint that the Government

11   likely could, if it chooses to bring, could still bring in

12   addition to the charges to which Mr. Denney is pleading.

13   And that in the ordinary course, if there were a bargained

14   for plea agreement, the Government would specify what it's

15   agreeing not to pursue and what it's reserving the right to

16   pursue.  And here, we just don't have that additional

17   information from the Government.

18        So I just want to make sure that Mr. Denney

19   understands that he may still face significant charges

20   relating to the events of -- on or surrounding January 6th,

21   and that those could be significant felony charges or

22   misdemeanor charges or both.

23        **MR. SHIPLEY:**  I understand that, Your Honor, but

24   we looked at this issue.  Blockburger is not the only issue

25   here.  There is currently a split among the circuits

1    five-three as to whether double jeopardy would preclude all

2    the charges that the Government has already included in

3    their complaint but did not go to the grand jury on.

4            The Supreme Court, at least to this point, has

5    declined to take that question up.  But the circuits are

6    split five-three in favor of double jeopardy, with one

7    circuit expressly declining to resolve the issue.

8            **THE COURT:**  Has the D.C. Circuit resolved the

9    issue that you just mentioned?

10           **MR. SHIPLEY:**  No, the D.C. Circuit has not

11   addressed it.

12           **THE COURT:**  So just for present purposes,

13   Mr. Denney, I want to make sure that you just understand

14   that as we sit here today, we don't know whether the

15   Government will pursue additional charges against you

16   relating to the events that occurred on January 6th or

17   surrounding those events.

18           Do you understand that?

19           **THE DEFENDANT:**  Yes, sir, I understand.

20           **THE COURT:**  And do you feel as though you have had

21   sufficient time to consult with your lawyer about that

22   question?

23           **THE DEFENDANT:**  Yes, sir, I do.

24           **THE COURT:**  Mr. Denney, how old are you?

25           **THE DEFENDANT:**  Forty-four.

1     **THE COURT:**  How far did you go in school?

2     **THE DEFENDANT:**  High school, and I did some

3  courses in the military.

4     **THE COURT:**  Were you born in the United States?

5     **THE DEFENDANT:**  Yes, sir.

6     **THE COURT:**  Are you a U.S. citizen?

7     **THE DEFENDANT:**  Yes, sir.

8     **THE COURT:**  In the last 48 hours, have you taken

9  any alcohol, drugs or medicine that could affect your

10  ability to understand what you are doing by pleading guilty?

11     **THE DEFENDANT:**  No, sir.

12     **THE COURT:**  Have you ever received any treatment

13  for any type of mental illness or emotional disturbance?

14     **THE DEFENDANT:**  Just for PTSD through the Veterans

15  Affairs from -- just PTSD, like depression and nightmares,

16  you know, that's it.

17     **THE COURT:**  Anything about PTSD or any other

18  conditions that you may have or currently experience that

19  could affect your ability to make a knowing and voluntary

20  decision today?

21     **THE DEFENDANT:**  No, sir, not at all.

22     **THE COURT:**  And have you received a copy of the

23  indictment against you?  Those are the written charges.

24     **THE DEFENDANT:**  Yes, sir.

25     **THE COURT:**  And have you had an opportunity to

1    fully discuss those charges with your lawyers?

2            THE DEFENDANT:  Yes, sir, I have.

3            THE COURT:  And have you read through those

4    charges?

5            THE DEFENDANT:  Yes, sir, I did.

6            THE COURT:  And did you read through the charges

7    in the complaint as well?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  And do you feel as though you

10   understand all those charges?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Are you fully satisfied with the

13   services of your lawyers in this case?

14           THE DEFENDANT:  Definitely, yes, sir.

15           THE COURT:  And have you had enough time to talk

16   with them about your case?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  And have you had enough time to talk

19   with them about whether you should enter a plea today or

20   not?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  So Mr. Denney, I want to now go

23   through and explain to you certain rights that you have.

24   Again, if you have any questions at any point, just let me

25   know and I'd be happy to explain things further; or if you

1    want to consult with your lawyers, you're welcome to do so.

2            Do you understand that you have a right to plead

3    not guilty and to have a trial?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  And do you understand that if you do

6    plead not guilty, you would have a trial; and that would

7    mean that 12 citizens from the District of Columbia would

8    sit in the jury box there, and they would decide your guilt

9    or innocence based only on the evidence presented in the

10   courtroom?

11           THE DEFENDANT:  I understand, yes, sir.

12           THE COURT:  And do you understand that if you have

13   a trial you'd have a right to be represented at trial by

14   your lawyer, and to be represented by your lawyer at every

15   other stage of the proceeding?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  And do you understand that at trial,

18   you'd have the right through your lawyer to confront and

19   cross-examine any witnesses against you?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  And do you understand that at trial,

22   you'd have a right to present your own witnesses, and that

23   you'd have a right to require them, or to compel them, to

24   come to court to testify?

25           THE DEFENDANT:  Yes, sir, I do.

1      **THE COURT:**  And do you understand that if there

2    were a trial, you'd have a right to testify and to present

3    evidence on your own behalf if you wanted to do so; do you

4    understand that?

5      **THE DEFENDANT:**  I understand, yes, sir.

6      **THE COURT:**  But you understand that you wouldn't

7    be required to do so if you didn't want to do so, because

8    it's the Government that bears the burden of proof?

9      **THE DEFENDANT:**  Right, yes, sir.

10      **THE COURT:**  And do you understand that if you

11    decided not to testify, that you could request that I

12    instruct the jury, and I would instruct the jury, that they

13    could not hold that decision against you in any way?

14      **THE DEFENDANT:**  Yes, sir.

15      **THE COURT:**  And do you understand that unless and

16    until I accept your guilty plea, you are presumed by the law

17    to be innocent, because it's the Government's burden to

18    prove your guilt beyond a reasonable doubt, and until it

19    does so you cannot be convicted at trial?

20      **THE DEFENDANT:**  Yes, sir, I understand.

21      **THE COURT:**  And do you understand that if you

22    plead guilty in this case and I accept your guilty plea,

23    there's not going to be a trial?

24      **THE DEFENDANT:**  Yes, sir, I understand that.

25      **THE COURT:**  And do you understand that you'll give

1   up all those rights that I just described to you?

2           **THE DEFENDANT:**  Yes, sir.

3           **THE COURT:**  And do you understand that if you

4   decided not to plead guilty but instead went to trial and

5   you were convicted, that you would have a right to appeal

6   your conviction and sentence to the Court of Appeals and to

7   have a lawyer help you with that?

8           **THE DEFENDANT:**  Yes, sir.

9           **THE COURT:**  And you understand that that's not

10  dependent on your ability to pay?

11          **THE DEFENDANT:**  I understand, yes, sir.

12          **THE COURT:**  And do you understand that if you are

13  unable to pay for an appeal, that you can appeal in forma

14  pauperis, and that would mean without paying the filing fee?

15          **THE DEFENDANT:**  Yes, sir.

16          **THE COURT:**  So Mr. Denney, before I accept your

17  plea, I am required under the rules to determine that there

18  is a factual basis for your plea.  So I know that the

19  Government has tendered for the Court its statement of the

20  offense.  I'm happy to get thoughts from defense counsel

21  about the best way to establish the factual basis for the

22  plea to a violation of 18 U.S.C. sections 111(a) and (b).

23  But I'm also happy to just have the Government present its

24  statement of offense, and have Mr. Denney indicate whether

25  that's true or not.

1          So Mr. Shipley, how would you like to proceed with

2     the factual proffer?

3          **MR. SHIPLEY:**  Your Honor, I saw that before

4     Ms. Rozzoni filed it, she sent it to me.  I indicated to her

5     that I would not sign it -- in other words, the defense

6     would not stipulate that it's entirely accurate or relevant,

7     but that I didn't have a problem with using it for our

8     purposes today.  And I'll simply say that I think that

9     within the facts are the facts sufficient to establish each

10    offense of the conviction, but that we'll simply reserve the

11    right to contest what I think are extraneous facts at

12    sentencing.

13         So if that is simply the Government's proffer,

14    we're willing to acknowledge that within the Government's

15    proffer, each element of the offense is satisfied.

16         **THE COURT:**  Okay.  I think I need to go a little

17    bit beyond that and at least understand what facts

18    Mr. Denney himself acknowledges are present here.  So I'm

19    happy to have the Government offer its statement of offense

20    into the record, but I think I'm going to need to then at

21    least follow up with Mr. Denney to establish what facts he

22    agrees are established for purposes of a violation of 18

23    U.S.C. sections 111(a) and (b), okay?

24         **MR. SHIPLEY:**  I understand that, and I think that

25    would be fine.

1          **THE COURT:**  Okay, fine.  So Ms. Rozzoni, do you

2     want to go ahead and describe for the Court what the

3     Government submits it would be able to prove beyond a

4     reasonable doubt.

5          And Mr. Denney, you can sit down during this.

6     What I'm going to ask you to do is listen very carefully to

7     what she says.  Because when she's done, I'm going to ask

8     you to come back up and ask you whether you agree with what

9     she said.  And if there are areas that you disagree, I'm

10    going to ask where you disagree, okay?

11         **THE DEFENDANT:**  Okay.

12         **MS. ROZZONI:**  Your Honor, would it make sense to

13    go through it sentence by sentence and have Mr. Denney agree

14    or disagree?

15         **THE COURT:**  Mr. Pierce, is that acceptable?

16         **MR. PIERCE:**  I think that makes sense --

17         **MR. SHIPLEY:**  Your Honor, I --

18         **MR. PIERCE:**  Sorry, go ahead, Bill.

19         **MR. SHIPLEY:**  Your Honor, I don't want to do it

20    that way, because he still has a Fifth Amendment right until

21    we get to sentencing.  I don't want him to inadvertently

22    acknowledge something as factual that he doesn't in fact

23    know is factual, but the Government just says it's true.  I

24    think in terms of just sort of a generic outline, he's

25    prepared to say he was there, he encountered an officer that

1   the Government has identified as having the initials K.K.

2   He picked up an item off the ground, and he swung it at that

3   officer.  And that's all he needs to acknowledge for

4   purposes of the guilty plea.  I don't want him to go through

5   all of the extraneous facts and say they're true or not

6   true, because we don't have discovery yet, and he may not

7   be -- you know, he might be going along just to go along.

8          So I think without an agreed upon statement of

9   facts -- which you would normally have, that it's not

10   appropriate just to have the prosecutor read and ask him if

11   he agrees.

12          **THE COURT:**  Well, that's fine.  I'm happy to just

13   proceed directly with Mr. Denney on these issues.  But you

14   do raise a fair point that I probably should ask Mr. Denney

15   about as well.

16          Mr. Denney, do you understand that it's very early

17   in this case against you -- I know that you were held for a

18   fair amount of time, but it's very early in the case.  Your

19   lawyers haven't received discovery yet, and you haven't

20   received the discovery yet.  You have every right in the

21   world to wait and say:  I want to see that discovery before

22   I make a decision about what I want to do in this case.

23          Do you understand that?

24          **THE DEFENDANT:**  I do, yes, sir.

25          **THE COURT:**  And are you prepared to waive your

1    right to any of that discovery before you make a decision

2    about how you want to proceed?

3              **MR. SHIPLEY:**  Your Honor, if I could --

4              **THE COURT:**  I'm sorry, let me --

5              **MR. SHIPLEY:**  I want to make the record full.

6              **THE COURT:**  Okay.

7              **MR. SHIPLEY:**  I asked for the video of the charged

8    offense, and I was given the video of the charged offense.

9    So we do have discovery about the charged offense.

10             **THE COURT:**  And have you reviewed that with

11   Mr. Denney?

12             **MR. SHIPLEY:**  Yes, we have.  We've gone over what

13   it shows.

14             **THE COURT:**  So Mr. Denney, do you understand that

15   there's still quite a bit of additional discovery available

16   out there?

17             **THE DEFENDANT:**  Yes, sir.

18             **THE COURT:**  And do you understand you have a right

19   to have that before you make a decision about what you want

20   to do?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  And are you willing to waive that

23   right to the discovery before you make a decision?

24             **THE DEFENDANT:**  Yes, sir.

25             **THE COURT:**  And do you feel as though you have

1   enough information to make a decision about whether to plead

2   guilty or not?

3          **THE DEFENDANT:**  I do, yes, sir.

4          **THE COURT:**  So let me ask you this -- and what I

5   want to do is go through the elements of the offense.  So

6   the first element of a violation of 18 U.S.C. sections

7   111(a) and (b) is that the defendant assaulted, resisted,

8   opposed, impeded, intimidated or interfered with an officer

9   or an employee of the United States, or any person assisting

10  such an officer or employee, in the performance of the

11  officer's or the employee's official duties.

12         So the first question I have for you is did you in

13  fact assault, resist, oppose, impede, intimidate or

14  interfere with an officer or employee of the United States

15  in the performance of that officer's official duties?

16         **MR. PIERCE:**  I just want to make sure, Your Honor,

17  that Mr. Shipley's comfortable with proceeding in this

18  manner without further --

19         **MR. SHIPLEY:**  I am.  I am.

20         **THE COURT:**  Do you want me to ask the question

21  again?

22         **THE DEFENDANT:**  Yes, sir.

23         **THE COURT:**  So did you in fact assault, resist,

24  oppose, impede, intimidate or interfere with an officer or

25  employee of the United States in the performance of that

1   officer or employee's official duties?

2           **THE DEFENDANT:**  Yes, sir.

3           **THE COURT:**  And did you do so forcibly?

4           **THE DEFENDANT:**  Yes, sir.

5           **THE COURT:**  And am I correct that based on what

6   Mr. Shipley said, my understanding is that the way you did

7   so was by swinging a long pole of some type at a police

8   officer?

9           **THE DEFENDANT:**  Yes, sir.  It was a plastic pole,

10  it was like a PVC tube.

11          **THE COURT:**  And did you in fact swing that at an

12  officer or an employee --

13          **THE DEFENDANT:**  Yes, sir.

14          **THE COURT:**  And was that for purposes of

15  assaulting or resisting that officer or employee of the

16  United States -- or person assisting an officer or employee

17  of the United States?

18          **THE DEFENDANT:**  The purpose was to block the

19  pepper spray, but I did in that hit -- he did get hit, yes.

20          **THE COURT:**  So you did hit an officer.  And was

21  that a Metropolitan Police Department officer?

22          **THE DEFENDANT:**  I don't know, sir.

23          **THE COURT:**  But you acknowledge that it was either

24  an officer of the United States or a person assisting such

25  an officer of the United States?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  And you forcibly hit that individual,

3     is that correct?

4          **THE DEFENDANT:**  Yes, sir.

5          **THE COURT:**  And did you do so while that officer

6     or person was -- I'm sorry, did you do so while the officer

7     or person who was assisting the officer was engaged in his

8     or her official duties?

9          **THE DEFENDANT:**  Yes, sir.

10          **THE COURT:**  And did you do so intentionally?

11          **THE DEFENDANT:**  Yes, sir.

12          **THE COURT:**  And do you also acknowledge that the

13     pipe that you hit the officer with was a dangerous weapon?

14          **THE DEFENDANT:**  Yes, sir.

15          **THE COURT:**  Ms. Rozzoni, do you think there's

16     anything else I need to establish with respect to the

17     factual basis for the plea?

18          **MS. ROZZONI:**  Your Honor, I think you've met all

19     of the elements.  If I may just touch on one issue that you

20     were speaking with Mr. Shipley about in terms of the

21     discovery that's been provided?

22          **THE COURT:**  Yes.

23          **MS. ROZZONI:**  Mr. Shipley has received all of the

24     video that pertains the filed complaint; so every video that

25     was referenced in the complaint he has a copy of.  He also

1    has a copy of all the process -- the search warrants that

2    have been issued.  He also has a full copy of Mr. Denney's

3    Facebook return.  And then he also has the reports and

4    recordings of Mr. Denney's statements to the FBI agents.  So

5    I wanted to make sure that the Court was aware of that

6    discovery that has been provided.

7              Additionally, Your Honor, I did actually just

8    think we probably need to establish that this all occurred

9    on January 6th on the Capitol grounds, just for

10   jurisdictional purposes.

11             **THE COURT:**  Yeah, no, I actually had just written

12   a note to myself as well.

13             Mr. Denney, do you agree that the events that

14   we've just discussed and that you've acknowledged occurred

15   on January 6th, 2021?

16             **THE DEFENDANT:**  Yes, sir.

17             **THE COURT:**  And do you agree that that was on the

18   grounds of the Capitol?

19             **THE DEFENDANT:**  Yes, sir.

20             **THE COURT:**  The U.S. Capitol?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  Ms. Rozzoni, anything else?

23             **MS. ROZZONI:**  No, Your Honor.  Thank you.

24             **THE COURT:**  Mr. Shipley, anything else you think I

25   should ask about to establish a factual basis for the plea?

1    **MR. SHIPLEY:**  No, Your Honor, I think you've

2    covered all the elements.

3        **THE COURT:**  And Mr. Shipley, let me ask you, do

4    you agree that were the case to proceed to trial, that the

5    Government would be able to prove all the essential elements

6    of violations of 18 U.S.C. sections 111(a)(1) and (b) beyond

7    a reasonable doubt?

8        **MR. SHIPLEY:**  With regard to the named officer

9    K.K., yes.

10       **THE COURT:**  So Mr. Denney, do you understand that

11   you're agreeing -- or you're pleading guilty to count one of

12   the indictment which charges you with assaulting, resisting

13   or impeding certain officers using a dangerous weapon in

14   violation of 18 U.S.C. sections 111(a)(1) and 111(b)?

15       **THE DEFENDANT:**  Yes, sir.

16       **THE COURT:**  And do you understand that on that

17   count, you're pleading guilty to an offense that carries a

18   maximum statutory sentence of 20 years in prison?

19       **THE DEFENDANT:**  Yes, sir.

20       **THE COURT:**  And do you understand that in addition

21   to any sentence of imprisonment, I may impose a term of up

22   to three years of supervised release?  And that would mean

23   that after you were released from prison, that you'd be

24   subject to certain conditions or rules; and if you don't

25   abide by those, that the Court could then send you back to

1    prison?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And do you understand that in addition

4    to or in place of any sentence of incarceration, I may also

5    impose a maximum fine of $250,000 or twice the pecuniary

6    gain or loss of the offense?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And do you understand that if you

9    plead guilty, you may be required to pay restitution to the

10   Architect of the Capitol or to any other appropriate party

11   in an amount to be determined at sentencing?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  And do you understand that if you

14   plead guilty, you will be required to pay a special

15   assessment of $100?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And do you understand that the Court

18   may also impose a fine that is sufficient to pay the federal

19   government the cost of imprisonment, the term of supervised

20   release and period of probation?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  So Mr. Denney, I want to spend a few

23   minutes talking about the sentencing guidelines.  As you may

24   know, Congress has created something called the Sentencing

25   Commission.  The U.S. Sentencing Commission has published

1    this book of guidelines to help judges in deciding what the

2    appropriate sentence is in a particular case.  Those

3    guidelines are not binding on the Court.  I can impose a

4    sentence, as I conclude is appropriate, that's above the

5    guidelines, within the guidelines or below the guidelines,

6    but I am required to consider the guidelines.

7              Do you understand that?

8              **THE DEFENDANT:**  Yes, sir.

9              **THE COURT:**  And do you understand that as I sit

10   here today, I don't know with any certainty what your

11   guidelines range will be, because I haven't heard from the

12   probation office yet, and there may be further debate with

13   your lawyers and the lawyers for the Government about that;

14   but at the end, I'm going to be the one who's going to

15   decide the proper calculation of the guidelines?

16             **THE DEFENDANT:**  I understand, yes, sir.

17             **THE COURT:**  And so do you understand today I can

18   just give you a ballpark, but it's just that, and we won't

19   know until sentencing exactly what the guidelines range will

20   be?

21             **THE DEFENDANT:**  Yes, sir, I understand that.

22             **THE COURT:**  And have you and your attorneys had a

23   chance to talk about the guidelines and how they apply in

24   your case?

25             **THE DEFENDANT:**  Yes, sir.

1    THE COURT:  And do you feel as though you

2    understand that?

3    THE DEFENDANT:  I do, yes, sir.

4    THE COURT:  And Mr. Shipley, do you feel as though

5    Mr. Denney understands how the guidelines apply in his case?

6    MR. SHIPLEY:  He does, Your Honor.

7    THE COURT:  So right now, Mr. Denney, I can just

8    offer you my best ballpark on the issue.  So with that in

9    mind, your counsel and I think the Government counsel have

10    both indicated that they believe that the base offense level

11    for a conviction under 18 U.S.C. section 111(a)(1) is 14.

12    Both your counsel and counsel for the Government agree that

13    there would be a two-point enhancement for a conviction

14    under 18 U.S.C. section 111(b).

15    Do you understand you're pleading guilty here to a

16    violation both of 111(a) and 111(b), correct?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  So there would be a two-point

19    enhancement for that.  Your counsel has indicated that he,

20    as a preliminary matter, believes that an enhancement of

21    three points might be appropriate because you brandished a

22    dangerous weapon.  I want to -- the Government believes that

23    you didn't just brandish, but that you used the dangerous

24    weapon.  And if that was the case, it wouldn't be a

25    three-point enhancement, it would be a four-point

1    enhancement.

2            Do you understand that?

3            **THE DEFENDANT:** I understand, yes, sir.

4            **THE COURT:** And do you understand that's a

5    question I'll just have to decide at sentencing?

6            **THE DEFENDANT:** Yes, sir.

7            **THE COURT:** And then your counsel has indicated

8    that at least they preliminarily believe an enhancement of

9    six points would be appropriate because the crime involved

10   an official victim. Both the Government -- and the

11   Government agrees with that. So there would be a six-point

12   enhancement. Your counsel, again preliminarily, believes

13   that you would be entitled to a two-level reduction for your

14   acceptance of responsibility. And that would require that

15   you accept responsibility, and that between now and

16   sentencing you continue to accept responsibility for your

17   actions, and that you not engage in any other criminal

18   conduct between now and sentencing. The Government agrees

19   that with those limitations, that that reduction would be

20   appropriate.

21           Your counsel's also indicated that he believes

22   that an additional one-level reduction might be appropriate,

23   because you've assisted the authorities by providing timely

24   notice of your intent to enter a plea. And the Government,

25   again, agrees that if that is how things proceed, that you

1   would be entitled to that one-level reduction.  The

2   Government, however, also indicates that the Government

3   believes there should be a two-level enhancement because the

4   offense involved more than a minimal amount of planning.  I

5   don't think your lawyers took a position one way or the

6   other on that issue.  They didn't include the two-level

7   enhancement, but they haven't indicated to me yet at this

8   point whether they will oppose that or not.

9          But based on these representations, your lawyers

10  have calculated that they think, again just ballpark, that

11  the offense level would be 22.  The Government believes,

12  again just ballpark, that it would be 25.

13         Do you understand that?

14         **THE DEFENDANT:**  I do, yes, sir.

15         **THE COURT:**  And do you understand, though, at the

16  end of the day, I'm the one who is going to decide it, and

17  it could be higher or lower than those things?

18         **THE DEFENDANT:**  Yes, sir, I understand.

19         **THE COURT:**  So your attorneys have indicated that

20  you don't have any criminal history.  If that's true, that

21  would mean you would have zero criminal history points, and

22  that would put you in criminal history category one.  If

23  before sentencing it comes to my attention that you do have

24  any prior convictions, you could be in a higher criminal

25  history category, and that could lead to a higher sentencing

1    guidelines range.

2              Do you understand that?

3              **THE DEFENDANT:**  Yes, sir, I understand that.

4              **THE COURT:**  So based on all of this, if your

5    counsels' estimates are right, that would be an offense

6    level of 22 with a criminal history category of one which

7    would result in a recommended sentence of between 41 and 51

8    months.  And if the Government's estimates are right, that

9    would be an offense level of 25 and a range of between 57

10   and 71 months imprisonment.

11             Do you understand that?

12             **THE DEFENDANT:**  I understand, yes.

13             **THE COURT:**  But do you understand that at the end,

14   it could be higher or lower than those numbers?

15             **THE DEFENDANT:**  Yes, sir, I understand.

16             **THE COURT:**  Do you understand the guidelines

17   estimate the applicable -- based on your counsel's

18   estimates, would be between $15,000 and $150,000 as a fine?

19             **THE DEFENDANT:**  Yes, sir.

20             **THE COURT:**  Based on the Government's estimate, do

21   you understand that the guidelines recommended fine would be

22   between $20,000 and $200,000?

23             **THE DEFENDANT:**  Yes, sir.

24             **THE COURT:**  And do you understand that after I

25   decide how the guidelines apply in your case, I may conclude

**1**     that a departure from the guidelines is appropriate which

**2**     could make the guidelines sentence either more or less

**3**     severe?

**4**          THE DEFENDANT: Yes, sir, I understand.

**5**          THE COURT: And do you understand that even after

**6**     I've determined the appropriate guidelines sentence in your

**7**     case, in deciding the appropriate sentence in this case, the

**8**     Court's entitled to, and it may be appropriate for the Court

**9**     to, consider uncharged conduct; and that is conduct that the

**10**    Government proves that you engaged in by a preponderance of

**11**    the evidence, but isn't necessarily included in the

**12**    indictment and isn't included in what you're pleading guilty

**13**    to?

**14**         THE DEFENDANT: I understand.

**15**         THE COURT: And do you understand that if I

**16**    sentence you to a term of imprisonment, you'll serve the

**17**    full amount of time to which I sentence you with a small

**18**    possible reduction for good time, but that there's no such

**19**    thing as early release or parole?

**20**         THE DEFENDANT: Yes, sir.

**21**         THE COURT: And do you understand that the offense

**22**    to which you're pleading guilty is a felony, and that if

**23**    your plea is accepted and you're found guilty of that

**24**    offense, then such a finding may deprive of you certain

**25**    valuable civil rights, such as the right to vote, the right

1    to hold public office, the right to serve on a jury, and the

2    right to possess any kind of firearm or ammunition?

3              **THE DEFENDANT:**  I understand, yes, sir.

4              **THE COURT:**  Mr. Denney, has anyone, including your

5    attorney, the police, the prosecutor, FBI, any person you've

6    come into contact with since your arrest promised or

7    suggested to you that merely because you're pleading guilty

8    you'll be guaranteed a lighter sentence?

9              **THE DEFENDANT:**  No, sir.

10             **THE COURT:**  Has anyone forced, threatened or

11   coerced you in any way into entering into a plea of guilty?

12             **THE DEFENDANT:**  No, sir.

13             **THE COURT:**  Do you understand that the agreement

14   reached in this case was the result of -- I'm sorry, strike

15   that.

16             Has anyone made any promises to you in connection

17   with your guilty plea other than those that have been stated

18   here in open court?

19             **THE DEFENDANT:**  No, sir.

20             **THE COURT:**  And really, I'm stressing that there

21   really haven't been any promises made, correct?

22             **THE DEFENDANT:**  Correct.

23             **THE COURT:**  And do you understand that at this

24   time, I don't know what sentence I'll impose in your case,

25   because I haven't heard from the probation office, I haven't

1    heard from your lawyers, I haven't heard from the

2    Government's lawyers, I haven't heard from you; so really,

3    as I sit here today, I have no idea what sentence I'll

4    impose?

5          THE DEFENDANT:  I understand, yes, sir.

6          THE COURT:  Is there anything that you don't

7    understand about these proceedings and about your plea in

8    this case?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Anything you want to ask me before you

11    make a decision?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Anything you want to ask your lawyers

14    before you make a decision?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  Let me ask, Ms. Rozzoni, is there

17    anything else you think I should inquire about before we

18    proceed to the final determination?

19          MS. ROZZONI:  Your Honor, the only thing -- and I

20    may have missed it, was whether you inquired about whether

21    he understood restitution could or may be ordered in this

22    case given the fact that there is a victim.

23          THE COURT:  Yeah, I think I did ask about that,

24    but I'm happy to do that again.  Do you understand,

25    Mr. Denney, that the Court may, as a portion of the

1    sentencing, be required actually to -- but might otherwise

2    in any event, require that you pay restitution?

3           THE DEFENDANT:  Yes, sir.  I remember you asking

4    that.

5           THE COURT:  Okay.  Ms. Rozzoni, anything else?

6           MS. ROZZONI:  No, Your Honor.  Thank you.

7           THE COURT:  Mr. Shipley, anything else?

8           MR. SHIPLEY:  No, Your Honor, I'm satisfied.

9           THE COURT:  So Mr. Denney, are you ready to make a

10   decision about whether you want to enter a plea of guilty to

11   the sole charge contained in the indictment, which is a

12   violation of 18 U.S.C. sections 111(a)(1) and (b)?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  And what is your decision as to count

15   one of the indictment:  Assaulting, resisting or impeding

16   certain officers using a dangerous weapon in violation of 18

17   U.S.C. section 111(a) and (b)?

18          THE DEFENDANT:  What is my decision, guilty.

19          THE COURT:  Your decision is?

20          THE DEFENDANT:  Plead guilty.

21          THE COURT:  And are you entering this plea of

22   guilty voluntarily and of your own free will, because you

23   are guilty, and for no other reason?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  It is the finding of the Court in the

1    case of the United States of America vs. Lucas Denney,

2    number 22-cr-70, that the defendant is fully competent and

3    capable of entering an informed plea; that the defendant is

4    aware of the nature of the charges and the consequence of

5    plea; and that the plea of guilty is a knowing and voluntary

6    plea supported by an independent basis in fact concerning

7    each of the essential elements of the offense.  The plea is

8    therefore accepted, and the defendant's now adjudged guilty

9    of count one of the indictment:  Assaulting, resisting or

10   impeding certain officers using a dangerous weapon in

11   violation of 18 U.S.C. sections 111(a) and (b).

12          Are there any pending motions still open on the

13   docket that the Court needs to resolve at this point or has

14   everything either been withdrawn or resolved at this point?

15          **MS. ROZZONI:**  I think that everything has been

16   resolved, Your Honor, unless Mr. Shipley has something to

17   add.

18          **THE COURT:**  Mr. Shipley?

19          **MR. SHIPLEY:**  No, Your Honor.  I think that we had

20   a briefing schedule from Judge Faruqui, but that was for the

21   motion that's been withdrawn.

22          **MS. ROZZONI:**  Your Honor, I believe there was a

23   hearing scheduled for next Tuesday, so that probably should

24   be vacated by Judge Faruqui.

25          **THE COURT:**  We will let Judge Faruqui know what

1   happened so that he can enter an appropriate order, because

2   it's dealing with his order so I'll let him do that.

3          And then, Ms. Rozzoni, is the Government seeking

4   any change in Mr. Denney's custody pending sentencing?

5          **MS. ROZZONI:**  No, Your Honor.  In fact, I think

6   the standard for detention has changed pursuant to section

7   3143, so I do believe Mr. Denney should remain detained at

8   this time.

9          **THE COURT:**  And Mr. Shipley, do you agree that

10  under the circumstances, that Mr. Denney should remain

11  detained?

12         **MR. SHIPLEY:**  Well, Your Honor, I think the order

13  is in place.  We haven't made an effort to ask for

14  reconsideration.  That is something that we are going to

15  look closely at, and will advise the Court and counsel when

16  we reach that decision.

17         **THE COURT:**  Well, I will then order that

18  Mr. Denney be detained pending sentencing.  You are welcome

19  to file whatever motions you think are appropriate with

20  respect to that at a later date.

21         **MR. SHIPLEY:**  Thank you, Your Honor.

22         **THE COURT:**  So I think we should then just pick a

23  date for sentencing.  Kristin.

24         **DEPUTY CLERK:**  Your Honor, you're available

25  June 9th at 2:00 p.m.

1          **THE COURT:**  And I think we should do this

2    in-person.  Is counsel available, Ms. Rozzoni, June 9th at

3    2:00 p.m?

4          **MS. ROZZONI:**  One moment, Your Honor, I'm just

5    looking at my calendar.  Yes, Your Honor, I am available.

6          **THE COURT:**  Mr. Shipley, are you available?

7          **MR. SHIPLEY:**  Your Honor, in fact, I think I am

8    scheduled to be in-person before Judge Howell on June 8th,

9    so I will be in D.C.

10          **THE COURT:**  That's perfect, that's great.  So I'm

11    going to put the matter down for sentencing on June 9th at

12    2:00 p.m.  Let me direct then that the Government file its

13    memorandum in aid of sentencing by May 26th.  And then I'll

14    give the defense until June 2nd to file its memorandum so

15    you'll have an opportunity to respond to anything that

16    Ms. Rozzoni says.  And I'm going to refer the matter to

17    probation for preparing a presentence report.

18          **MR. PIERCE:**  You said June 2nd, Your Honor, for

19    defense?

20          **THE COURT:**  June 2nd for your memorandum, yes.

21          Anything else, Ms. Rozzoni, that we should address

22    today?

23          **MS. ROZZONI:**  Not from the Government, Your Honor.

24          **THE COURT:**  Mr. Shipley, anything further?

25          **MR. SHIPLEY:**  Nothing on behalf of the defense,

1    Your Honor.

2            **THE COURT:**  Well, thank you all.  I will see you

3    in June.  Oh, and by the way, I'm going to sign the waiver

4    of trial by jury.

5            For the record, let me just ask Mr. Denney whether

6    that's his signature on that document there?

7            **THE DEFENDANT:**  Yes, sir.

8            **THE COURT:**  And Mr. Pierce, I think it's your

9    signature as well?

10           **MR. PIERCE:**  Yes, Your Honor.

11           **THE COURT:**  All right, thank you.  I will see you

12   in June.  Thank you.

13        (Proceedings adjourned at 4:37 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1                        **C E R T I F I C A T E**

2

3                I, **Jeff M. Hook, Official Court Reporter,**

4    certify that the foregoing is a true and correct transcript

5    of the record of proceedings in the above-entitled matter.

6

7

8

9        __July 26, 2022__                    _____

10            **DATE**                              **Jeff M. Hook**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**$**
$100 [1]   29/15
$15,000 [1]   34/18
$150,000 [1]   34/18
$20,000 [1]   34/22
$200,000 [1]   34/22
$250,000 [1]   29/5

**0**
0070 [1]   1/3

**1**
10007 [1]   1/15
111 [14]   8/11 19/22
20/23 24/7 28/6
28/14 28/14 31/11
31/14 31/16 31/16
38/12 38/17 39/11
12 [1]   17/7
14 [1]   31/11
17 [1]   1/5
18 [11]   8/11 19/22
20/22 24/6 28/6
28/14 31/11 31/14
38/12 38/16 39/11
1:22-cr-0070 [1]
1/3

**2**
20 [1]   28/18
20001 [1]   1/25
201 [1]   1/12
2021 [2]   11/24
27/15
2022 [2]   1/5 8/10
22 [2]   33/11 34/6
22-70 [2]   2/2 3/3
22-cr-70 [1]   39/2
2201 [1]   1/19
25 [2]   33/12 34/9
2550 [1]   1/17
26th [1]   41/13
2:00 p.m [3]   40/25
41/3 41/12
2nd [3]   41/14 41/18
41/20

**3**
3143 [1]   40/7
333 [1]   1/24
3:34 [1]   1/6
3:45 p.m [1]   11/6
3rd [2]   1/12 1/17

**4**
41 [1]   34/7
4700-C [1]   1/24
48 [1]   15/8
4:00 p.m [1]   11/7
4:37 p.m [1]   42/13

**5**
51 [1]   34/7
57 [1]   34/9

**6**
6th [5]   11/24 13/20
14/16 27/9 27/15

**7**
70 [3]   2/2 3/3 39/2
71 [1]   34/10
7th [1]   8/10

**8**
841 [1]   1/19
87102 [1]   1/12
8th [1]   41/8

**9**
900 [1]   1/12
91367 [1]   1/17
96813 [1]   1/20
9th [3]   40/25 41/2
41/11

**A**
abide [1]   28/25
ability [3]   15/10
15/19 19/10
able [2]   21/3 28/5
above [2]   30/4 43/5
above-entitled [1]
43/5
accept [5]   18/16
18/22 19/16 32/15
32/16
acceptable [1]
21/15
acceptance [1]
32/14
accepted [2]   35/23
39/8
accurate [1]   20/6
acknowledge [5]
20/14 21/22 22/3
25/23 26/12
acknowledged [1]
27/14
acknowledges [1]
20/18
acquitting [1]
12/21
Act [7]   3/17 4/8
4/17 5/7 5/11 5/22
6/3
action [3]   1/3 2/2
3/3
actions [1]   32/17
actually [4]   6/16
27/7 27/11 38/1
add [1]   39/17
addition [3]   13/12
28/20 29/3
additional [8]   8/16
8/24 10/3 12/3
13/16 14/15 23/15
32/22
Additionally [1]
27/7
address [1]   41/21
addressed [1]   14/11
adequate [3]   4/22
5/20 12/25
adjourned [1]   42/13
adjudged [1]   39/8
advise [1]   40/15
Affairs [1]   15/15

affect [2]   15/9
15/19
again [8]   11/5
16/24 24/21 32/12
32/25 33/10 33/12
37/24
against [13]   7/22
8/16 8/24 9/4 9/18
10/4 10/18 12/4
14/15 15/23 17/19
18/13 22/17
agents [1]   27/4
agree [7]   21/8
21/13 27/13 27/17
28/4 31/12 40/9
agreed [1]   22/8
agreeing [2]   13/15
28/11
agreement [3]   10/2
13/14 36/13
agrees [5]   20/22
22/11 32/11 32/18
32/25
ahead [5]   3/21
10/19 11/10 21/2
21/18
aid [1]   41/13
Albuquerque [1]
1/12
alcohol [1]   15/9
along [2]   22/7 22/7
Amendment [1]   21/20
AMERICA [3]   1/2 2/3
39/1
ammunition [1]   36/2
among [2]   2/19
13/25
amount [4]   22/18
29/11 33/4 35/17
Andrew's [1]   1/14
anticipated [1]   4/5
any sentence [1]
28/21
appeal [3]   19/5
19/13 19/13
Appeals [1]   19/6
APPEARANCES [1]
1/10
Appearing [2]   2/4
2/6
applicable [1]
34/17
apply [3]   30/23
31/5 34/25
appreciate [1]   2/10
appropriate [16]
2/21 12/6 22/10
29/10 30/2 30/4
31/21 32/9 32/20
32/22 35/1 35/6
35/7 35/8 40/1
40/19
Architect [1]   29/10
areas [1]   21/9
arraignment [2]   1/8
ARRAIGNMENT/PLEA [1]
1/8
arrest [1]   36/6
aspect [1]   10/13

assault [2]   24/13
24/23
assaulted [1]   24/7
assaulting [6]   3/4
8/12 25/15 28/12
38/15 39/9
assessment [1]
29/15
assisted [1]   32/23
assisting [4]   24/9
25/16 25/24 26/7
associated [1]   2/20
attention [1]   33/23
attorney [1]   36/5
Attorney's [1]   2/16
attorneys [2]   30/22
33/19
authorities [1]
32/23
available [5]   23/15
40/24 41/2 41/5
41/6
Avenue [1]   1/24
aware [3]   6/13 27/5
39/4

**B**
back [8]   7/5 8/21
11/7 11/8 11/11
11/14 21/8 28/25
ballpark [4]   30/18
31/8 33/10 33/12
Bankruptcy [1]   1/23
bargain [3]   9/23
9/23 10/2
bargained [1]   13/13
base [1]   31/10
based [7]   5/25 17/9
25/5 33/9 34/4
34/17 34/20
basically [1]   8/12
basis [5]   19/18
19/21 26/17 27/25
39/6
bears [1]   18/8
behalf [3]   3/8 18/3
41/25
believes [6]   31/20
31/22 32/12 32/21
33/3 33/11
below [1]   30/5
BENET [2]   1/13 2/5
best [2]   19/21 31/8
beyond [5]   7/9
18/18 20/17 21/3
28/6
big [2]   10/8 10/9
Bill [2]   3/21 21/18
binding [1]   30/3
Bishop [1]   1/19
bit [3]   7/5 20/17
23/15
block [1]   25/18
Blockburger [2]
13/9 13/24
book [1]   30/1
born [1]   15/4
both [5]   13/22
31/10 31/12 31/16
32/10

**B**

box [1]   17/8
brandish [1]   31/23
brandished [1]
31/21
briefing [2]   4/11
39/20
bring [14]   8/23
9/13 9/15 9/18 9/24
9/25 10/14 10/15
10/18 11/22 12/3
13/4 13/11 13/11
bringing [3]   9/4
9/22 13/8
burden [4]   7/8 12/7
18/8 18/17

**C**

CA [1]   1/17
calculated [1]
33/10
calculation [1]
30/15
calendar [1]   41/5
called [1]   29/24
can [19]   5/3 5/4
6/15 7/4 7/5 9/9
9/24 10/11 10/14
11/3 11/4 12/20
12/25 19/13 21/5
30/3 30/17 31/7
40/1
capable [1]   39/3
Capitol [4]   27/9
27/18 27/20 29/10
carefully [1]   21/6
carries [1]   28/17
case [22]   5/9 7/10
12/6 16/13 16/16
18/22 22/17 22/18
22/22 28/4 30/2
30/24 31/5 31/24
34/25 35/7 35/7
36/14 36/24 37/8
37/22 39/1
category [3]   33/22
33/25 34/6
certain [9]   3/5 5/8
8/12 16/23 28/13
28/24 35/24 38/16
39/10
certainty [1]   30/10
certify [1]   43/4
chance [3]   11/9
11/15 30/23
change [1]   40/4
changed [1]   40/6
charge [2]   8/10
38/11
charged [4]   3/4
23/7 23/8 23/9
charges [33]   7/22
8/8 8/16 8/24 9/4
9/12 9/14 9/18 9/22
9/24 9/25 10/4
10/14 10/17 11/22
11/23 12/3 13/4
13/8 13/9 13/12
13/19 13/21 13/22

14/2 14/15 15/23
16/1 16/4 16/6
16/10 28/12 39/4
chat [1]   7/16
chooses [1]   13/11
circuit [3]   14/7
14/8 14/10
circuits [2]   13/25
14/5
circumstances [1]
40/10
citizen [1]   15/6
citizens [1]   17/7
civil [1]   35/25
Clerk [1]   6/18
closely [1]   40/15
coerced [1]   36/11
COLUMBIA [2]   1/1
17/7
comfortable [1]
24/17
Commission [2]
29/25 29/25
compel [1]   17/23
competent [1]   39/2
complaint [7]   3/24
4/12 13/10 14/3
16/7 26/24 26/25
complete [1]   9/21
complicated [1]
10/13
concedes [1]   5/9
concerning [1]   39/6
conclude [3]   2/18
30/4 34/25
conditions [2]
15/18 28/24
conduct [6]   12/5
12/21 12/21 32/18
35/9 35/9
confer [3]   4/22
11/15 12/11
confirm [2]   4/25
6/7
confront [1]   17/18
Congress [1]   29/24
connection [1]
36/16
consequence [1]
39/4
consequences [1]
7/23
consider [4]   12/4
12/20 30/6 35/9
Constitution [1]
1/24
consult [2]   14/21
17/1
contact [1]   36/6
contained [1]   38/11
contest [1]   20/11
continue [1]   32/16
conversation [1]
11/4
convicted [2]   18/19
19/5
conviction [4]   19/6
20/10 31/11 31/13
convictions [1]
33/24

copy [5]   3/1 15/22
26/25 27/1 27/2
cost [1]   29/19
counsel [12]   2/14
12/25 19/20 31/9
31/9 31/12 31/12
31/19 32/7 32/12
40/15 41/2
counsel's [2]   32/21
34/17
counsels' [1]   34/5
count [6]   3/4 8/9
28/11 28/17 38/14
39/9
course [2]   9/20
13/13
courses [1]   15/3
court [23]   1/1 1/22
1/23 5/18 6/22 12/4
12/20 14/4 17/24
19/6 19/19 21/2
27/5 28/25 29/17
30/3 35/8 36/18
37/25 38/25 39/13
40/15 43/3
Court's [1]   35/8
courtroom [5]   2/5
2/7 2/14 11/2 17/10
Courts [1]   1/23
covered [1]   28/2
cr [2]   1/3 39/2
created [1]   29/24
crime [1]   32/9
criminal [9]   1/3
2/2 3/3 32/17 33/20
33/21 33/22 33/24
34/6
cross [1]   17/19
cross-examine [1]
17/19
currently [2]   13/25
15/18
custody [1]   40/4

**D**

D.C [3]   14/8 14/10
41/9
dangerous [8]   3/5
8/13 26/13 28/13
31/22 31/23 38/16
39/10
date [3]   40/20
40/23 43/10
day [1]   33/16
days [1]   5/8
DC [2]   1/4 1/25
dealing [1]   40/2
debate [1]   30/12
decide [6]   5/18
17/8 30/15 32/5
33/16 34/25
decided [3]   10/17
18/11 19/4
deciding [3]   12/5
30/1 35/7
decision [22]   6/9
7/7 7/7 7/13 8/15
8/19 9/21 13/1
15/20 18/13 22/22
23/1 23/19 23/23

24/1 37/11 37/14
38/10 38/14 38/18
38/19 40/16
declined [1]   14/5
declining [1]   14/7
defendant [9]   1/6
1/16 2/3 2/6 2/8
3/1 24/7 39/2 39/3
defendant's [1]
39/8
defense [6]   9/13
19/20 20/5 41/14
41/19 41/25
defenses [3]   7/10
9/11 9/11
Definitely [1]
16/14
DENNEY [50]
Denney's [3]   27/2
27/4 40/4
Department [2]   2/15
25/21
departure [1]   35/1
dependent [1]   19/10
depression [1]
15/15
deprive [1]   35/24
Deputy [1]   6/18
describe [1]   21/2
described [1]   19/1
detained [3]   40/7
40/11 40/18
detention [1]   40/6
determination [1]
37/18
determine [1]   19/17
determined [2]
29/11 35/6
difficulties [1]
2/20
direct [1]   41/12
directly [1]   22/13
disagree [3]   21/9
21/10 21/14
discovery [10]   22/6
22/19 22/20 22/21
23/1 23/9 23/15
23/23 26/21 27/6
discuss [1]   16/1
discussed [2]   6/12
27/14
discussing [1]
11/16
discussions [1]
5/25
dismiss [2]   3/15
3/23
dismissal [2]   5/16
5/17
DISTRICT [5]   1/1
1/1 1/9 1/23 17/7
disturbance [1]
15/13
docket [1]   39/13
document [1]   42/6
Dohrmann [3]   2/6
8/2 8/3
DOJ [3]   1/11 1/14
1/21
DOJ-USAO [3]   1/11

**D**

DOJ-USAO... [2]
   1/14 1/21
done [2]   7/21 21/7
DORHMANN [1]   1/21
double [3]   9/13
   14/1 14/6
doubt [4]   7/9 18/18
   21/4 28/7
down [2]   21/5 41/11
drugs [1]   15/9
during [2]   2/20
   21/5
duties [4]   24/11
   24/15 25/1 26/8

**E**

early [3]   22/16
   22/18 35/19
effort [1]   40/13
either [3]   25/23
   35/2 39/14
element [2]   20/15
   24/6
elements [5]   24/5
   26/19 28/2 28/5
   39/7
else [7]   26/16
   27/22 27/24 37/17
   38/5 38/7 41/21
emotional [1]   15/13
employee [7]   24/9
   24/10 24/14 24/25
   25/12 25/15 25/16
employee's [2]
   24/11 25/1
encountered [1]
   21/25
end [3]   30/14 33/16
   34/13
engage [1]   32/17
engaged [2]   26/7
   35/10
enhancement [9]
   31/13 31/19 31/20
   31/25 32/1 32/8
   32/12 33/3 33/7
enough [5]   11/19
   12/11 16/15 16/18
   24/1
enter [6]   7/11
   10/15 16/19 32/24
   38/10 40/1
entering [4]   9/15
   36/11 38/21 39/3
entirely [1]   20/6
entitled [4]   32/13
   33/1 35/8 43/5
essential [2]   28/5
   39/7
establish [7]   7/12
   19/21 20/9 20/21
   26/16 27/8 27/25
established [1]
   20/22
estimate [2]   34/17
   34/20
estimates [3]   34/5
   34/8 34/18

even [2]   12/3 35/5
event [1]   38/2
events [5]   11/23
   13/20 14/16 14/17
   27/13
everyone [1]   2/9
evidence [4]   12/8
   17/9 18/3 35/11
exactly [1]   30/19
examine [1]   17/19
experience [1]
   15/18
explain [2]   16/23
   16/25
expressly [1]   14/7
extraneous [2]
   20/11 22/5

**F**

face [1]   13/19
Facebook [1]   27/3
fact [9]   2/19 21/22
   24/13 24/23 25/11
   37/22 39/6 40/5
   41/7
facts [8]   6/14 20/9
   20/9 20/11 20/17
   20/21 22/5 22/9
factual [7]   19/18
   19/21 20/2 21/22
   21/23 26/17 27/25
failed [1]   5/9
fair [3]   10/16
   22/14 22/18
false [1]   7/2
far [1]   15/1
Faruqui [4]   4/10
   39/20 39/24 39/25
fashion [2]   2/12
   2/22
favor [1]   14/6
FBI [2]   27/4 36/5
federal [1]   29/18
fee [1]   19/14
feel [8]   6/7 11/18
   12/10 14/20 16/9
   23/25 31/1 31/4
felony [2]   13/21
   35/22
few [2]   10/10 29/22
Fifth [1]   21/20
file [3]   40/19
   41/12 41/14
filed [7]   3/14 3/16
   3/24 4/11 8/10 20/4
   26/24
filing [1]   19/14
final [1]   37/18
find [1]   10/11
finding [2]   35/24
   38/25
fine [8]   4/14 20/25
   21/1 22/12 29/5
   29/18 34/18 34/21
firearm [1]   36/2
first [2]   24/6
   24/12
five [2]   14/1 14/6
five-three [2]   14/1
   14/6

Floor [1]   1/17
follow [1]   20/21
For the Defendant [1]
   1/16
forced [1]   36/10
forcibly [2]   25/3
   26/2
foregoing [1]   43/4
forma [1]   19/13
formal [2]   3/6 3/9
Forty [1]   14/25
Forty-four [1]
   14/25
found [1]   35/23
four [2]   14/25
   31/25
four-point [1]
   31/25
free [1]   38/22
full [3]   23/5 27/2
   35/17
fully [3]   16/1
   16/12 39/2
further [5]   6/18
   16/25 24/18 30/12
   41/24
future [2]   9/24
   9/25

**G**

gain [1]   29/6
generic [1]   21/24
given [3]   2/18 23/8
   37/22
giving [1]   4/23
goal [1]   7/20
God [1]   6/22
good [2]   10/16
   35/18
government [54]
Government's [7]
   12/7 18/17 20/13
   20/14 34/8 34/20
   37/2
grand [1]   14/3
great [1]   41/10
ground [1]   22/2
grounds [3]   3/16
   27/9 27/18
guaranteed [1]   36/8
guarantees [1]   10/3
guess [1]   6/6
guidelines [19]
   29/23 30/1 30/3
   30/5 30/5 30/5 30/6
   30/11 30/15 30/19
   30/23 31/5 34/1
   34/16 34/21 34/25
   35/1 35/2 35/6
guilt [2]   17/8
   18/18
guilty [33]   3/10
   4/19 7/11 9/2 9/16
   10/1 15/10 17/3
   17/6 18/16 18/22
   18/22 19/4 22/4
   24/2 28/11 28/17
   29/9 29/14 31/15
   35/12 35/22 35/23
   36/7 36/11 36/17

38/10 38/18 38/20
38/22 38/23 39/5
39/8

**H**

hand [1]   6/20
happened [1]   40/1
happy [8]   7/16 10/9
   16/25 19/20 19/23
   20/19 22/12 37/24
Hawaii [1]   2/19
head [1]   10/25
heard [6]   12/17
   30/11 36/25 37/1
   37/1 37/2
hearing [4]   1/8 7/6
   7/21 39/23
held [1]   22/17
help [3]   6/22 19/7
   30/1
HI [1]   1/20
High [1]   15/2
higher [4]   33/17
   33/24 33/25 34/14
Hills [1]   1/17
himself [1]   20/18
history [5]   33/20
   33/21 33/22 33/25
   34/6
hit [5]   25/19 25/19
   25/20 26/2 26/13
hold [2]   18/13 36/1
Honolulu [1]   1/20
Honor [44]
HONORABLE [1]   1/8
HOOK [3]   1/22 43/3
   43/10
hours [2]   6/12 15/8
Howell [1]   41/8
hybrid [3]   1/8 2/12
   2/22

**I**

idea [1]   37/3
identified [1]   22/1
illness [1]   15/13
impede [2]   24/13
   24/24
impeded [1]   24/8
impeding [5]   3/5
   8/12 28/13 38/15
   39/10
important [4]   7/7
   7/12 10/13 12/14
impose [6]   28/21
   29/5 29/18 30/3
   36/24 37/4
imprisonment [4]
   28/21 29/19 34/10
   35/16
in-person [4]   1/16
   1/21 41/2 41/8
inadvertently [1]
   21/21
incarceration [1]
   29/4
include [1]   33/6
included [4]   13/10
   14/2 35/11 35/12
including [2]   11/23

**I**

including... [1] 36/4
independent [1] 39/6
indicate [1] 19/24
indicated [8] 13/5 20/4 31/10 31/19 32/7 32/21 33/7 33/19
indicates [1] 33/2
indictment [27] 2/24 3/2 3/4 3/6 3/9 3/15 3/24 4/3 4/4 4/7 4/13 4/18 5/8 5/10 5/16 5/23 6/4 8/10 9/3 10/1 13/7 15/23 28/12 35/12 38/11 38/15 39/9
individual [1] 26/2
information [2] 13/17 24/1
informed [2] 7/13 39/3
initials [1] 22/1
innocence [1] 17/9
innocent [1] 18/17
inquire [1] 37/17
inquired [1] 37/20
instead [1] 19/4
instruct [2] 18/12 18/12
intent [1] 32/24
intentionally [1] 26/10
interest [1] 13/6
interfere [2] 24/14 24/24
interfered [1] 24/8
intimidate [2] 24/13 24/24
intimidated [1] 24/8
into [5] 11/1 20/20 36/6 36/11 36/11
involved [2] 32/9 33/4
issue [1] 4/2 4/2 4/6 4/9 10/9 11/16 13/24 13/24 14/7 14/9 26/19 31/8 33/6
issued [1] 27/2
issues [3] 12/20 12/25 22/13
item [1] 22/2

**J**

January [5] 11/24 13/20 14/16 27/9 27/15
January 6th [5] 11/24 13/20 14/16 27/9 27/15
JEFF [3] 1/22 43/3 43/10
JENNIFER [2] 1/11 2/4

jeopardy [3] 9/13 14/1 14/6
JOHN [3] 1/16 1/16 2/8
JR [2] 1/18 2/7
JUDGE [6] 1/9 4/10 39/20 39/24 39/25 41/8
judges [1] 30/1
June [9] 40/25 41/2 41/8 41/11 41/14 41/18 41/20 42/3 42/12
June 2nd [3] 41/14 41/18 41/20
June 8th [1] 41/8
June 9th [3] 40/25 41/2 41/11
jurisdictional [1] 27/10
jury [6] 14/3 17/8 18/12 18/12 36/1 42/4
Justice [1] 2/15

**K**

K.K [2] 22/1 28/9
KEARNEY [3] 1/13 2/5 8/1
kind [1] 36/2
knew [1] 5/19
knowing [4] 6/9 7/13 15/19 39/5
knowingly [1] 6/1
Kristin [3] 2/23 10/25 40/23

**L**

last [2] 13/4 15/8
later [1] 40/20
law [4] 1/16 1/19 10/13 18/16
lawyer [6] 2/15 14/21 17/14 17/14 17/18 19/7
lawyers [16] 5/16 5/21 6/1 11/15 12/11 16/1 16/13 17/1 22/19 30/13 30/13 33/5 33/9 37/1 37/2 37/13
lead [1] 33/25
leads [1] 4/15
least [5] 4/6 14/4 20/17 20/21 32/8
leave [1] 11/2
less [1] 35/2
level [9] 31/10 32/13 32/22 33/1 33/3 33/6 33/11 34/6 34/9
light [1] 13/1
lighter [1] 36/8
likelihood [1] 10/16
likely [1] 13/11
limit [1] 3/16
limitations [1] 32/19
listen [1] 21/6

little [2] 7/5 20/16
long [1] 25/7
look [1] 40/15
looked [1] 13/24
looking [1] 41/5
loss [1] 29/6
lot [1] 7/14
lower [2] 33/17 34/14
LUCAS [4] 1/5 2/3 3/3 39/1

**M**

makes [1] 21/16
making [2] 7/2 7/12
manner [2] 4/4 24/18
March [2] 1/5 8/10
March 7th [1] 8/10
marshals [1] 11/2
MARY [1] 1/21 2/6
matter [4] 31/20 41/11 41/16 43/5
maximum [2] 28/18 29/5
may [21] 2/25 7/10 9/11 9/17 13/19 15/18 22/6 26/19 28/21 29/4 29/9 29/18 29/23 30/12 34/25 35/8 35/24 37/20 37/21 37/25 41/13
May 26th [1] 41/13
maybe [3] 4/1 4/3 4/4
mean [5] 10/8 17/7 19/14 28/22 33/21
medicine [1] 15/9
memorandum [3] 41/13 41/14 41/20
mental [1] 15/13
mentioned [1] 14/9
merely [1] 36/7
met [1] 26/18
Metropolitan [1] 25/21
microphone [1] 5/2
might [16] 4/5 4/17 4/23 5/22 6/2 6/3 9/11 9/13 9/13 9/14 13/6 13/7 22/7 31/21 32/22 38/1
military [1] 15/3
mind [1] 31/9
minimal [1] 33/4
minutes [2] 10/10 29/23
misdemeanor [1] 13/22
missed [1] 37/20
moment [3] 3/12 6/17 41/4
months [2] 34/8 34/10
more [3] 9/21 33/4 35/2
MOSS [1] 1/8
motion [4] 3/15

3/23 4/11 39/21
motions [2] 39/12 40/19
Mr. [79]
Mr. Denney [46]
Mr. Denney's [3] 27/2 27/4 40/4
Mr. Pierce [6] 2/11 7/17 10/10 11/10 21/15 42/8
Mr. Shipley [23] 2/13 2/19 3/22 4/21 6/6 7/17 10/11 10/12 10/24 11/11 20/1 25/6 26/20 26/23 27/24 28/3 31/4 38/7 39/16 39/18 40/9 41/6 41/24
Mr. Shipley's [1] 24/17
Ms. [18] 2/13 8/1 8/2 8/3 8/4 8/5 8/7 8/14 20/4 21/1 26/15 27/22 37/16 38/5 40/3 41/2 41/16 41/21
Ms. Dohrmann [2] 8/2 8/3
Ms. Kearney [1] 8/1
Ms. Rozzoni [15] 2/13 8/4 8/5 8/7 8/14 20/4 21/1 26/15 27/22 37/16 38/5 40/3 41/2 41/16 41/21
myself [1] 27/12

**N**

named [1] 28/8
nature [1] 39/4
necessarily [2] 9/3 35/11
need [4] 20/16 20/20 26/16 27/8
needs [2] 22/3 39/13
New [1] 1/15
next [1] 39/23
nightmares [1] 15/15
NM [1] 1/12
nodding [1] 10/25
normally [1] 22/9
note [1] 27/12
notice [2] 2/10 32/24
number [2] 5/8 39/2
numbers [1] 34/14
NW [2] 1/12 1/24
NY [1] 1/15

**O**

oath [2] 6/19 6/25
objection [3] 2/12 2/17 4/17
objections [1] 6/2
obviously [1] 10/8
occurred [4] 11/23 14/16 27/8 27/14

**O**

off [1]   22/2
offense [19]   19/20
19/24 20/10 20/15
20/19 23/8 23/8
23/9 24/5 28/17
29/6 31/10 33/4
33/11 34/5 34/9
35/21 35/24 39/7
offer [2]   20/19
31/8
office [4]   2/16
30/12 36/1 36/25
officer [20]   21/25
22/3 24/8 24/10
24/14 24/24 25/1
25/8 25/12 25/15
25/16 25/20 25/21
25/24 25/25 26/5
26/6 26/7 26/13
28/8
officer's [2]   24/11
24/15
officers [5]   3/5
8/12 28/13 38/16
39/10
offices [1]   1/19
official [7]   1/23
24/11 24/15 25/1
26/8 32/10 43/3
old [1]   14/24
one [19]   1/14 3/4
4/15 8/9 8/11 13/5
14/6 26/19 28/11
30/14 32/22 33/1
33/5 33/16 33/22
34/6 38/15 39/9
41/4
one-count [2]   3/4
8/9
one-level [2]   32/22
33/1
ones [1]   10/15
only [4]   4/12 13/24
17/9 37/19
open [2]   36/18
39/12
opportunity [3]
10/21 15/25 41/15
oppose [3]   24/13
24/24 33/8
opposed [1]   24/8
order [4]   40/1 40/2
40/12 40/17
ordered [1]   37/21
ordinary [1]   13/13
original [1]   13/10
otherwise [1]   38/1
out [1]   23/16
outline [2]   9/23
21/24
over [2]   6/12 23/12
own [3]   17/22 18/3
38/22
Oxnard [1]   1/17

**P**

p.m [7]   1/6 11/6
11/7 40/25 41/3

pandemic [1]   2/21
parole [1]   35/19
part [1]   10/8
particular [1]   30/2
party [1]   29/10
passage [1]   4/7
pauperis [1]   19/14
pause [2]   10/9
10/21
pay [6]   19/10 19/13
29/9 29/14 29/18
38/2
paying [1]   19/14
pecuniary [1]   29/5
pending [1]   39/12
40/4 40/18
pepper [1]   25/19
perfect [1]   41/10
performance [3]
24/10 24/15 24/25
perhaps [1]   12/23
perhaps the [1]
12/23
period [3]   5/10
6/12 29/20
perjury [1]   7/2
person [10]   1/16
1/21 24/9 25/16
25/24 26/6 26/7
36/5 41/2 41/8
pertains [1]   26/24
phone [1]   10/24
pick [1]   40/22
picked [1]   22/2
PIERCE [9]   1/16
1/16 2/8 2/11 7/17
10/10 11/10 21/15
42/8
pipe [1]   26/13
place [4]   6/18
10/11 19/4 40/13
Plaintiff [1]   1/3
planning [1]   33/4
plastic [1]   25/9
Plaza [1]   1/14
plea [32]   1/8 3/7
7/11 7/24 9/15 9/23
9/23 10/2 10/15
11/24 13/14 16/19
18/16 18/22 19/17
19/18 19/22 22/4
26/17 27/25 32/24
35/23 36/11 36/17
37/7 38/10 38/21
39/3 39/5 39/5 39/6
39/7
plead [9]   13/6 17/2
17/6 18/22 19/4
24/1 29/9 29/14
38/20
pleading [12]   4/18
9/2 9/2 10/1 13/12
15/10 28/11 28/17
31/15 35/12 35/22
36/7
pleads [1]   3/10
please [2]   6/20
12/18
plural [1]   5/21

podium [6]   3/12 5/3
5/4 6/17 8/21 11/9
point [13]   7/15
8/15 14/4 16/24
22/14 31/13 31/18
31/25 31/25 32/11
33/8 39/13 39/14
points [3]   31/21
32/9 33/21
pole [2]   25/7 25/9
police [3]   25/7
25/21 36/5
portion [1]   37/25
position [3]   6/9
12/22 33/5
possess [1]   36/2
possibility [1]
13/3
possible [5]   9/12
9/14 9/17 11/22
35/18
preclude [4]   9/3
11/25 13/7 14/1
prejudice [1]   5/17
preliminarily [2]
32/8 32/12
preliminary [1]
31/20
prepared [2]   21/25
22/25
preparing [1]   41/17
preponderance [2]
12/7 35/10
present [8]   1/21
2/4 2/14 14/12
17/22 18/2 19/23
20/18
presented [1]   17/9
presentence [1]
41/17
presumed [1]   18/16
primarily [1]   8/6
prior [1]   33/24
prison [3]   28/18
28/23 29/1
privacy [1]   11/3
privately [2]   7/18
10/12
probably [3]   22/14
27/8 39/23
probation [4]   29/20
30/12 36/25 41/17
problem [1]   20/7
proceed [9]   2/21
6/17 13/1 20/1
22/13 23/2 28/4
32/25 37/18
proceeding [3]   2/12
17/15 24/17
proceedings [3]
37/7 42/13 43/5
process [1]   27/1
proffer [3]   20/2
20/13 20/15
promised [1]   36/6
promises [2]   36/16
36/21
proof [3]   7/9 12/7
18/8
proper [2]   4/7

30/15
propounded [1]   6/22
prosecuted [1]   7/2
prosecutor [2]
22/10 36/5
prove [3]   18/18
21/3 28/5
proves [1]   35/10
provided [2]   26/21
27/6
providing [1]   32/23
PTSD [3]   15/14
15/15 15/17
public [1]   36/1
published [1]   29/25
purpose [2]   7/6
25/18
purposes [7]   12/5
14/12 20/18 20/22
22/4 25/14 27/10
pursuant [1]   40/6
pursue [5]   8/16
10/3 13/15 13/16
14/15
put [4]   7/8 10/24
33/22 41/11
PVC [1]   25/10

**Q**

quite [1]   23/15

**R**

raise [3]   6/20 7/10
22/14
raised [2]   4/3 4/10
RANDOLPH [1]   1/8
range [4]   30/11
30/19 34/1 34/9
reach [1]   40/16
reached [1]   36/14
read [3]   16/3 16/6
22/10
reading [2]   3/6 3/9
ready [2]   11/5 38/9
really [5]   9/8
12/14 36/20 36/21
37/2
reason [1]   38/23
reasonable [4]   7/9
18/18 21/4 28/7
reasons [1]   13/5
received [7]   3/1
12/25 15/12 15/22
22/19 22/20 26/23
recently [1]   3/15
recess [2]   11/1
11/6
recommended [2]
34/7 34/21
reconsideration [1]
40/14
reconvening [1]
2/10
record [9]   2/25
6/12 8/8 11/7 11/14
20/20 23/5 42/5
43/5
recordings [1]   27/4
reduction [5]   32/13
32/19 32/22 33/1

**R**

reduction... [1]
35/18
refer [1]   41/16
referenced [1]
26/25
reflect [1]   3/1
regard [1]   28/8
related [1]   4/12
relating [3]   11/23
13/20 14/16
release [3]   28/22
29/20 35/19
released [1]   28/23
relevant [2]   12/20
20/6
remain [2]   40/7
40/10
remember [1]   38/3
report [1]   41/17
Reporter [3]   1/22
1/23 43/3
reports [1]   27/3
representations [1]
33/9
represented [2]
17/13 17/14
request [1]   18/11
require [3]   17/23
32/14 38/2
required [7]   5/7
18/7 19/17 29/9
29/14 30/6 38/1
requirements [1]
6/13
reserve [1]   20/10
reserving [1]   13/15
resist [2]   24/13
24/23
resisted [1]   24/7
resisting [6]   3/5
8/12 25/15 28/12
38/15 39/9
resolve [2]   14/7
39/13
resolved [3]   14/8
39/14 39/16
respect [10]   4/3
4/6 5/23 6/4 6/10
10/14 11/3 13/3
26/16 40/20
respond [1]   41/15
responsibility [3]
32/14 32/15 32/16
restitution [3]
29/9 37/21 38/2
result [2]   34/7
36/14
return [3]   5/7 5/10
27/3
returned [3]   3/25
4/4 4/13
reviewed [1]   23/10
right [27]   3/18
5/22 6/15 6/20
13/15 17/2 17/13
17/18 17/22 17/23
18/2 18/9 19/5
20/11 21/20 22/20

23/1 23/18 23/23
31/7 34/5 34/8
35/25 35/25 36/1
36/2 42/11
rights [9]   4/23 6/3
6/8 6/10 7/23 12/24
16/23 19/1 35/25
Room [1]   1/24
ROZZONI [17]   1/11
2/5 2/13 8/4 8/5
8/7 8/14 20/4 21/1
26/15 27/22 37/16
38/5 40/3 41/2
41/16 41/21
rules [2]   19/17
28/24

**S**

Saint [1]   1/14
same [1]   4/15
satisfied [3]   16/12
20/15 38/8
saw [1]   20/3
schedule [1]   39/20
scheduled [2]   39/23
41/8
school [2]   15/1
15/2
search [1]   27/1
seat [3]   6/16 7/4
7/5
section [4]   31/11
31/14 38/17 40/6
sections [7]   19/22
20/23 24/6 28/6
28/14 38/12 39/11
seek [1]   5/16
seeking [1]   40/3
send [1]   28/25
sense [2]   21/12
21/16
sent [1]   20/4
sentence [18]   12/6
19/6 21/13 21/13
28/18 28/21 29/4
30/2 30/4 34/7 35/2
35/6 35/7 35/16
35/17 36/8 36/24
37/3
sentencing [19]
12/4 20/12 21/21
29/11 29/23 29/24
29/25 30/19 32/5
32/16 32/18 33/23
33/25 38/1 40/4
40/18 40/23 41/11
41/13
separate [2]   4/2
4/6
serve [2]   35/16
36/1
services [1]   16/13
severe [1]   35/3
SHIPLEY [26]   1/18
1/19 2/7 2/13 2/19
3/22 4/21 6/6 7/17
10/11 10/12 10/24
11/11 20/1 25/6
26/20 26/23 27/24
28/3 31/4 38/7

39/16 39/18 40/9
41/6 41/24
Shipley's [1]   24/17
short [1]   2/10
shows [1]   23/13
sign [2]   20/5 42/3
signature [2]   42/6
42/9
significant [2]
13/19 13/21
simply [3]   20/8
20/10 20/13
sit [6]   8/22 14/14
17/8 21/5 30/9 37/3
six [2]   32/9 32/11
six-point [1]   32/11
small [1]   35/17
sole [1]   38/11
solemnly [1]   6/21
somehow [1]   10/23
sorry [5]   9/7 21/18
23/4 26/6 36/14
sort [2]   9/21 21/24
speaking [3]   8/4
8/5 26/20
special [1]   29/14
specified [2]   3/17
5/10
specify [1]   13/14
spectators [1]   11/1
Speedy [7]   3/17 4/8
4/17 5/7 5/11 5/22
6/3
spend [1]   29/22
split [2]   13/25
14/6
spray [1]   25/19
stage [1]   17/15
standard [1]   40/6
standing [1]   2/5
start [1]   2/23
state [2]   6/11 8/8
stated [1]   36/17
statement [4]   19/19
19/24 20/19 22/8
statements [2]   7/2
27/4
STATES [13]   1/1 1/2
1/9 2/3 15/4 24/9
24/14 24/25 25/16
25/17 25/24 25/25
39/1
statutory [1]   28/18
stay [3]   3/12 6/17
11/2
still [7]   9/18
10/18 13/11 13/19
21/20 23/15 39/12
stipulate [1]   20/6
strategically [1]
13/6
Street [3]   1/12
1/17 1/19
stressing [1]   36/20
strike [1]   36/14
subject [2]   4/10
28/24
submits [1]   21/3
sufficient [3]
14/21 20/9 29/18

suggested [1]   36/7
Suite [2]   1/12 1/19
supervised [2]
28/22 29/19
supported [1]   39/6
Supreme [1]   14/4
sure [10]   7/21 9/16
11/11 11/13 12/24
12/24 13/18 14/13
24/16 27/5
surrounding [2]
13/20 14/17
swear [1]   6/21
swing [1]   25/11
swinging [1]   25/7
swung [1]   22/2

**T**

talk [10]   5/20 7/17
9/9 10/10 10/11
10/22 11/19 16/15
16/18 30/23
talked [1]   12/19
talking [1]   29/23
telling [2]   9/10
10/7
tendered [1]   19/19
term [3]   28/21
29/19 35/16
terms [2]   21/24
26/20
test [1]   13/9
testify [3]   17/24
18/2 18/11
therefore [1]   39/8
though [9]   6/8
11/18 12/10 14/20
16/9 23/25 31/1
31/4 33/15
thought [4]   4/1 4/2
4/6 13/6
thoughts [1]   19/20
threatened [1]
36/10
three [5]   14/1 14/6
28/22 31/21 31/25
three-point [1]
31/25
timeliness [3]   4/18
5/23 6/4
timely [1]   32/23
today [19]   2/12
2/22 7/1 7/14 8/4
8/5 8/23 9/3 9/10
9/16 10/1 14/14
15/20 16/19 20/8
30/10 30/17 37/3
41/22
today's [2]   7/6
7/21
together [1]   13/5
took [1]   33/5
touch [1]   26/19
transcript [2]   1/8
43/4
traveling [1]   2/20
treatment [1]   15/12
trial [22]   3/17 4/8
4/17 5/7 5/11 5/22
6/3 7/9 12/21 12/22

**T**

trial... [12]   17/3
17/6 17/13 17/13
17/17 17/21 18/2
18/19 18/23 19/4
28/4 42/4
true [6]   19/25
21/23 22/5 22/6
33/20 43/4
truly [1]   6/21
truthfully [1]   7/1
tube [1]   25/10
Tuesday [1]   39/23
twice [1]   29/5
two [5]   31/13 31/18
32/13 33/3 33/6
two-level [3]   32/13
33/3 33/6
two-point [2]   31/13
31/18
type [2]   15/13 25/7

**U**

U.S [5]   1/23 2/15
15/6 27/20 29/25
U.S.C [11]   8/11
19/22 20/23 24/6
28/6 28/14 31/11
31/14 38/12 38/17
39/11
unable [1]   19/13
uncharged [3]   12/5
12/20 35/9
under [12]   3/17
4/17 5/6 5/22 6/3
6/19 6/25 13/8
19/17 31/11 31/14
40/10
understands [4]   6/8
12/24 13/19 31/5
understood [1]
37/21
unique [1]   4/11
UNITED [13]   1/1 1/2
1/9 2/3 15/4 24/9
24/14 24/25 25/16
25/17 25/24 25/25
39/1
unless [2]   18/15
39/16
up [10]   4/23 7/5
8/21 11/9 14/5 19/1
20/21 21/8 22/2
28/21
upon [1]   22/8
USAO [3]   1/11 1/14
1/21
used [1]   31/23
using [6]   3/5 8/13
20/7 28/13 38/16
39/10
usual [1]   9/20

**V**

vacated [1]   39/24
valuable [1]   35/25
various [1]   9/11
Veterans [1]   15/14
victim [2]   32/10

37/22
video [10]   1/11
1/13 1/18 2/4 2/6
2/13 23/7 23/8
26/24 26/24
violation [9]   8/11
19/22 20/22 24/6
28/14 31/16 38/12
38/16 39/11
violations [1]   28/6
voluntarily [2]   6/2
38/22
voluntary [4]   6/9
7/13 15/19 39/5
vote [1]   35/25

**W**

wait [1]   22/21
waive [7]   3/6 3/9
5/21 6/2 6/10 22/25
23/22
waiver [1]   42/3
waiving [1]   4/16
wants [1]   13/1
warrants [1]   27/1
Washington [2]   1/4
1/25
way [10]   4/15 9/20
10/23 18/13 19/21
21/20 25/6 33/5
36/11 42/3
weapon [8]   3/6 8/13
26/13 28/13 31/22
31/24 38/16 39/10
welcome [3]   7/18
17/1 40/18
who's [1]   30/14
WILLIAM [3]   1/18
1/19 2/7
willing [2]   20/14
23/22
wish [1]   3/7
withdrawn [2]   39/14
39/21
withdrew [1]   3/15
within [6]   3/16 5/8
5/10 20/9 20/14
30/5
without [5]   5/17
10/2 19/14 22/8
24/18
witnesses [2]   17/19
17/22
Woodland [1]   1/17
words [1]   20/5
work [1]   9/20
world [1]   22/21
worse [1]   12/22
written [2]   15/23
27/11

**Y**

years [2]   28/18
28/22
York [1]   1/15

**Z**

zero [1]   33/21
Zoom [1]   10/23