UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case No: 22-CR-070 (RDM) |
| | : | |
| **LUCAS DENNEY,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR EARLY RETURN OF HEARING
SUBPOENAS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)**

The United States of America, by and through undersigned counsel, respectfully moves this Court for an Order permitting it to issue two subpoenas *duces tecum* inviting the subpoenaed entity to produce records prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). The subpoenas, redacted versions of which are attached as Exhibit 1 and Exhibit 2, would require WebBank and Credit One Bank N.A. to produce records for credit and/or debit accounts that the government believes are linked to defendant Lucas Denney. The defendant does not oppose this motion.

The subpoenas would require each witness to produce the documents by August 23, 2022. The government requests permission to invite the subpoenaed witnesses to produce the materials directly to the government in lieu of appearing in Court. Upon receipt of any documents returned in this fashion, the government will provide copies of the documents to counsel for the defendant. The government further requests permission to grant any necessary extensions of time to the witness for compliance with the subpoena, should such requests be made.

In support of its requests, the government states as follows.

## I.   BACKGROUND

On March 7, 2022, a grand jury returned an indictment charging defendant Lucas Denney with Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1) and (b).  On March 17, 2022, Denney pled guilty to the indictment, without the benefit of a plea agreement.  In advance of his sentencing proceeding, scheduled for July 21, 2022, the government calculated Denney's sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") and sought a 4-point offense level enhancement, pursuant to U.S.S.G. § 3B1.5(2)(b), because the defendant used body armor during the commission of a crime of violence.  ECF No. 46 at 50-51, 53-57.  In support of the application of Section 3B1.5(2)(b), the government cited, among other things, a January 1, 2021 Facebook exchange in which Denney informed another individual that although vests "with armor plating" were expensive, he was able to get a "good price" with his "military discount."  *Id.* at 56; *id.* Exhibit 8 at 12.  In response, Denney submitted an unsworn affidavit in which he asserted that he was not wearing body armor on January 6, 2021 and that, prior to January 6, 2021, he had "purchased a used vest on the internet that had soft padding" but "was not anti-ballistic."  ECF 50-1 ¶ 21.  The sentencing proceeding has since been continued until September 28, 2022.

The requested subpoenas relate to two credit and/or debit cards that the government believes were used by Denney.

## II.   ANALYSIS

Federal Rule of Criminal Procedure 17(c) states that a subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the

2

designated items "in court . . . before they are to be offered into evidence." This Rule leaves advance production of a response to a document subpoena "to the court's discretion." *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). *See also United States v. Ferguson*, 37 F.R.D. 6, 8 (D.D.C. 1965) ("the subpoena may be designated in advance of the trial date, [but] only if the Court so directs or permits"). A party seeking an early-return trial subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity." *Binh Tango Vo*, 78 F. Supp. 3d at 180 (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

In *Nixon*, 418 U.S. at 699-700, the Supreme Court adopted the Rule 17(c) analysis set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). Pretrial (and pre-hearing) production under Rule 17(c) is permissible when: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a "fishing expedition." *Nixon*, 418 U.S. at 699-700.

Here, the government has sought the application of U.S.S.G. § 3B1.5(b)(2) and Denney has refuted that application, citing an internet purchase of the vest that he wore on January 6, 2021, making it likely that he used a credit or debit card to make the purchase. Records relating to purchases made on credit and/or debit cards during the requested time period could corroborate or refute the assertions in Denney's affidavit about the type of vest he was wearing on January 6, 2021 by identifying the seller and, perhaps, the item purchased.

The proposed subpoena thus meets the requirements for issuance of a Rule 17(c)

3

subpoena. This request is made in good faith for records which will be admissible and relevant to the determination of the applicability of Section 3B1.5. The information sought will assist the Court in determining the nature and capabilities of the vest worn by the defendant on January 6, 2021.  The government requires the records in advance of the September 28, 2022 hearing in order to allow sufficient time to review those records and seek any additional evidence those records uncover.  Further, obtaining the records prior to the date of the hearing will facilitate the orderly progress of the hearing by allowing the parties to litigate or resolve any issues of admissibility arising from the document production before trial begins. *See Bowman Dairy Co. v. United States*, 314 U.S. 214, 219-20 (1951) (noting that an early-return trial subpoena serves the function of expediting trial by allowing for examination of the subpoenaed materials before trial begins).  Neither WebBank nor Credit One Bank N.A. will provide the requested information without a subpoena.

As noted above, Rule 17(c)(1) requires a witness to produce the designated items "in court . . . before they are to be offered into evidence" and states that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The proposed subpoenas require the witness to produce the designated documents by August 23, 2022.

The government requests permission to invite the subpoenaed parties to produce the documents to the government electronically in lieu of bringing them to court in person. A return of the subpoenaed materials directly to the undersigned attorneys, copies of which would then be provided to the defense, would facilitate the timely receipt and distribution of the materials, as the government already has processes in place to track, receive, and distribute such materials.  Similarly, anticipating that the subpoenaed entity may be facing logistical

constraints in timely producing records, the government further requests permission to grant any necessary extensions of time to the witness for compliance with the subpoena, should such requests be made.

### III.     CONCLUSION

The government respectfully requests the Court to permit service of the subpoenas to obtain records sought by the subpoenas attached as Exhibits 1 and 2.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052


        */s/ Benet J. Kearney*
        BENET J. KEARNEY
        NY Bar No. 4774048
        Assistant United States Attorney (Detailed)
        1 Saint Andrew's Plaza
        New York, New York 10007
        (212) 637-2260
        benet.kearney@usdoj.gov

        */s/ Jennifer M. Rozzoni*
        JENNIFER M. ROZZONI
        NM Bar No. 14703
        Assistant United States Attorney (Detailed)
        203 3rd Street, Suite 900
        Albuquerque, New Mexico 87102
        (505) 350-6818
        jennifer.m.rozzoni@usdoj.gov