UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-00070 |
| | ) | |
| LUCAS DENNEY | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S SUPPLEMENTAL SENTENCING STATEMENT –
ENHANCEMENT FOR USE OF DANGEROUS INSTRUMENT**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

The Government's analysis fails to distinguish between the differing circumstances when the item employed as part of the offense conduct is indisputably a weapon – a firearm, knife, explosive device, etc., -- and when the item is an instrument -- not otherwise a deadly or dangerous weapon -- employed in such fashion as to demonstrate an intent to injure the law enforcement officer.   The Guideline provision at issue clearly makes a distinction between the two, and that distinction is critical here.

> (b)     Specific Offense Characteristics
>
> (2)     If (A) a firearm was discharged, increase by 5 levels; (B) a dangerous weapon (Including a firearm) was otherwise used, increase by 4 levels; (C) a dangerous weapon (including a firearm) was brandished or its use was threatened, increase by 3 levels.

Application Note 1 – Definitions – states:

> "Dangerous weapon" has the meaning given that term in §1B1.1, Application Note 1, and includes any instrument that is not ordinarily used as a weapon (e.g., a car, a chair, or an ice pick) *if* such an instrument is involved in the offense with the intent to commit bodily injury.

Use of an "instrument that is not ordinarily used as a weapon" only justifies the imposition of a four level enhancement if there is, in fact, an intent to commit bodily injury through the use of that instrument.  The Defendant agrees with the Govenrment that this is an objective test, and does not turn on a secret hidden intent of a defendant.

Most obviously, this enhancement is applied when an injury does actually happen as a result of the use of such an "instrument."  In that circumstance.  Two of the cases cited by the Government fall within this category.  See, <u>United States v. Jones</u>, 332 F.3d 1294 (10th Cir.

2003)(defendant's "use" of a vehicle resulted in the deaths of three persons); and United States v. Goodbear, 676 F.3d 904 (9th Cir. 2012)(use of a belt during physical abuse of six-year old female child in Indian country that led to her death);

Other cases cited by the Government where there was no injury, the evidence was such that a clear effort to injury – but ultimately unsuccessful – was borne out.  See United States v. Valdez-Torres, 108 F.3d 385 (D.C. Cir. 1997) (defendant accelerated his vehicle towards the officer after the officer warned it was about to hit him); United State. v. Garcia, 34 F.3d 6 (1st Cir. 1994) (defendant aiming his car straight at federal officers, forcing one to jump onto a parked car to avoid being hit, supported the inference that defendant intended to cause serious bodily harm); United States v. Ortegon, 45 Fed.Appx. 318 (2002)( Intent to cause bodily harm inferred from attempt to drive away while his car door was open and an officer was standing next to his vehicle, partially inside it and had to jump into the car to avoid being hit).

The Garcia decision is of further interest here because it formulates the question on this issue exactly as suggested by Defendant Denney:

> Hence, in order to apply § 2A2.2, the aggravated assault provision, the district court was required to find that when Garcia drove his car at the officers, he did so with the intent to cause bodily harm. Garcia does not dispute that his automobile qualified as a dangerous weapon. Rather, Garcia contends that he did not have the intent required by § 2A2.2.

Id., at 10 (emphasis added).

This goes back to the point raised at the outset – whether there was intent to commit bodily injury is an objective test that is normally inferred from the defendant's use of an obviously dangerous weapon, i.e., a firearm, knife,

explosive device, etc.  When an instrument – not a weapon – is used, it is still the objective actions of the Defendant that is evaluated to determine whether the required intent can be inferred.

Here, just prior to employing the long plastic sprinkler pipe in the manner he did as part of the assault conduct, the Defendant attempted to snatch the OC spray device from Officer K.K.'s hands.  This is consistent with his effort to knock the same item from Officer K.K.'s hands using the pipe – and not striking Officer K.K. in making that effort.

The Government points to the statement by Officer K.K. regarding his recollection of the encounter with Defendant Denney on January 6.  While Officer K.K.'s perspective is relevant to this determination, the ultimate determination remains an objective test.

Further, while the Defendant respects Officer K.K.'s recollection of that events of that day, it is indisputable that the day was chaotic and Officer K.K. had numerous interactions with multiple protesters who engaged in violence in the area he was assigned.  With regard to his description of his recollection offered to this Court, they are somewhat inconsistent with the video of the incident.  Close observation of Officer K.K.'s head in the moments prior to the pipe landing on the half-wall in front of him suggests that he was not watching the pipe as it fell.  He did not appear to look up, he did not appear to track the pole with his eyes, and he seemed to react with surprise when it landed in front of him.

## CONCLUSION

Based on the foregoing, Defendant Lucas Denney submits that the correct U.S.S.G. calculation is as follows:

| | |
|---|---|
| Base Offense Level | 14 |
| Conviction under Sec. 111(b) – Sec. 2A2.2(b)(7) | +2 |
| Official Victim – Sec. 3A1.2(b) | +6 |
| Acceptance of Responsibility | -3 |
| Adjusted Offense Level | 19 |

With a Criminal History Category of 1, the advisory Guideline Range is **30-37 months.**

Defendant requests a downward variance as justified in his Sentencing Statement, and requests imposition of a sentence no greater than 24 months in custody.

Dated: September 10, 2022        Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*