**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Cr. No. 22-0070 RDM** |
| | : | |
| **LUCAS DENNEY,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' REPLY TO DEFENDANT'S
RESPONSE REGARDING THE GOVERNMENT'S CLAIM FOR RESTITUTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply to Defendant Lucas Denney's objection to the government's restitution notice. ECF 70, 71.   Specifically, the Court has directed the government to address (1) direct and proximate causation under 18 U.S.C. 3663A(a)(2); and (2) whether the Court should apportion liability "among... defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant," pursuant to 18 U.S.C. 3664. The government replies as follows:

**PROCEDURAL BACKGROUND**

On March 7, 2022, a federal grand jury returned a one-count indictment against Defendant Lucas Denney alleging he assaulted a federal officer with a dangerous weapon on January 6, 2021, in violation of 18 U.S.C. § 111(a) and (b).  ECF 25.  On March 17, 2022, Denney pleaded guilty to the one-count indictment without the benefit of a plea agreement. March 17, 2022, Minute Order. On September 28, 2022, Denney was sentenced to 52 months' imprisonment, three years of supervised release, and a $100 special assessment. September 28, 2022, Minute Entry. This Court left open the question of restitution pending documentation from the government. *Id*.

1

On October 4, 2022, the government filed its notice of restitution claiming $5,601.94 in medical expenses and sick leave for Sgt. K.K. paid by the Metropolitan Police Department ("MPD") on his behalf. ECF 70.  On October 7, Denney filed a response opposing any order of restitution claiming that MPD was not a victim, that Denney did not cause any injury to Sgt. K.K., and that because of Denney's lack of financial resources, this Court should not award restitution. ECF 71.  This Court has now asked the government to file a reply, specifically addressing the issues of (1) direct and proximate causation under 18 U.S.C. § 3663A(a)(2); and (2) whether the Court should apportion liability "among... defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant," pursuant to 18 U.S.C. § 3664.

## ARGUMENT

Defendant Denney makes three arguments in opposition to the government's notice of restitution, and all are without merit.

### I.      Third Party Payors are Entitled to Restitution Paid on behalf of a Victim.

First, Denney argues that the MPD is not a victim in this case and is not entitled to restitution pursuant to the Mandatory Victims Restitution Act ("MVRA").  ECF 71. As the government's notice reflects, MPD paid Sgt. K.K.'s medical bills and sick leave as a result of his injuries on January 6, 2021.  Contrary to Denney's claim, Congress has explicitly authorized direct payment to a third party such as MPD in 18 U.S.C. § 3664(j)(1):

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

Thus, the plain reading of the statute allows for this Court to order restitution payments directly to MPD for the losses it incurred as a result of what happened to Sgt. K.K. on January 6, 2021.

II.   **Denney was Part of a Mass of Rioters who Acted Together to Assault and Injure Officers on January 6 and his Actions Directly and Proximately Harmed Sergeant K.K.**

The MVRA requires restitution when a defendant commits a "crime of violence" for which there is an "identifiable victim or victims" who "suffered a physical injury or pecuniary loss" because of the defendant's crime. § 3663A(c)(1); *see also* § 3663A(a)(1). The MVRA further provides a specific definition of the term "victim," explaining that a "victim" is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." § 3663A(a)(2). Even if the extent of harm is indeterminate, courts have imposed restitution where the defendant contributed to the victim's loss. *See* 18 U.S.C. § 3663(h); *see also United States v. Church*, 731 F.3d 530, 537 (6th Cir. 2013).

Here, Denney was a part of mob of rioters who attacked the Capitol and the law enforcement officers protecting it and its occupants on January 6, 2021.  As this Court is aware, Sgt. K.K. was on the front lines of the fight and encountered numerous, violent individuals, including Denney, who were bent on stopping the certification of the electoral college vote. Denney swung a pole—under the circumstances, a dangerous weapon—at Sgt. K.K. As a result of his  encounters with Denney and others, Sgt. K.K. sought medical care and sick leave after January 6th.  Denney contributed directly and proximately to Officer K.K.'s need for medical care and time off and should be held responsible for the results of his conduct.

The MVRA gives this Court the discretion to hold a defendant responsible for the full amount of the loss or to apportion restitution. *See* 18 U.S.C. § 3664(h); *United States v. Monzel*, 641 F.3d 528, 538 (D.C. Cir. 2011). Thus, this Court may hold Denney accountable for the entire amount of restitution requested.  *See United States v. Golden*, 89 Fed.Appx. 271, 273 (D.C.Cir.2004).   But Section 3664(h) also empowers the Court to "apportion liability among

3

defendants according to the level of responsibility each defendant has for the victim." *United States v. Yalincak*, 30 F.4th 115, 122 (2d Cir. 2022).  If adopting that approach, the Court should "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader casual process that produced the victim's losses." *Paroline v. United States*, 572 U.S. 434, 459 (2014).  Though no "precise algorithm" can the determine the appropriate amount of restitution, *id*. at 459-60, relevant factors might include the number of other defendants who bear some responsibility for the victim's losses, "reasonable predictions" of the number of other defendants "likely to be caught and convicted for crimes contributing to the victim's general losses," and the "defendant's relative casual role," *id.* at 460.  Under these principles, the Court could order that Denney pay some lesser percentage of the total amount of losses suffered by Officer K.K. (and subsequently defrayed by MPD).

In this case, this Court should hold Denney jointly and severally accountable for the entire amount of restitution requested.  To be sure, Sgt. K.K. encountered many rioters other than Denney on January 6 in various locations on the Capitol grounds.  However, it remains unclear how many of the others that he encountered will ever be identified and brought to justice.  An order that Denney pay restitution jointly and severally will ensure that MPD is made whole for the expenses it incurred as a result of Sgt. K.K.'s injuries, but will provide a mechanism by which other, potentially later-identified, defendants may be required to contribute towards these costs.

At the very least, however, Denney should be required to pay at least $2,000 in restitution, which, as outlined in the government's initial sentencing submission, is a reasonable estimate of an individual defendant's responsibility for the more than $2.7 million in losses suffered as a result of the siege at the U.S. Capitol, setting aside Denney' particular assault of Sgt K.K.  *See* ECF No. 46 at 2, 70-73.

**III.** **Under the MVRA, this Court Shall Not Consider the Financial Resources of the Defendant.**

Finally, Denney cites the wrong statute in claiming that this Court should consider his financial situation and *not* award restitution in this case. ECF 71. Because Denney was convicted of a crime of violence, the applicable statute is the MVRA found at 18 U.S.C. § 3663A, which directs mandatory restitution to victims of certain crimes, not 18 U.S.C. § 3663, which Denney cites. Here, assault of a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111(a) and (b) is a crime of violence. Therefore, the MVRA applies. To that end, 18 U.S.C. § 3664 provides the procedure for issuance and enforcement of an order of restitution including:

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

18 U.S.C. § 3663(f)(1)(A). Thus, this Court shall not take into consideration Denney's financial situation in fashioning an appropriate amount of restitution for him to pay.

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States respectfully requests that this Court institute

an order of restation in the amount of $5,601.94 to be paid to the Metropolitan Police Department.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Jennifer M. Rozzoni*
Jennifer M. Rozzoni
NM Bar No. 14703
Benet J. Kearney
NY Bar No. 4774048
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(505) 350-6818 / (212) 637-2260
Jennifer.M.Rozzoni@usdoj.gov
Benet.Kearney@usdoj.gov
