ORIGINAL

AO 243 (Rev. 09/17)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**



AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | DISTRICT OF COLUMBIA | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>LUCAS DENNEY | | | Docket or Case No.:<br>1:22-cr-00070-RDM |
| Place of Confinement:<br>FCI FLORENCE | | Prisoner No.:<br>78422-509 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| V. | | LUCAS DENNEY | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
    333 CONSTITUTION AVENUE, NW
    WASHINGTON, D.C.  20001

    (b) Criminal docket or case number (if you know):  1:22-cr-00070-RDM

2.  (a) Date of the judgment of conviction (if you know):  9/28/2022

    (b) Date of sentencing:  9/28/2022

3.  Length of sentence: FIFTY-TWO (52) months, w/ SUPERVISED RELEASE for THIRTY-SIX (36) months

4.  Nature of crime (all counts):

    ONE (1) COUNT of the ONE (1) CHARGE INDICTMENT that was filed late on 3/7/2022, only after indictment" was mentioned to the prosecution. Defendant was held illegally for 83 days.  Indictment filed beyond the 30 day rule, defendants' arrest in Texas, awaiting return to the jurisdiction was meaningless to the grand jury, as they did not need the person to indict.  Cascading legal errors brought this one count charge.

    18 U.S.C. 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon

5.  (a) What was your plea?  (Check one)
    (1) Not guilty ☐        (2) Guilty ☑        (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
    N/A

6.  If you went to trial, what kind of trial did you have?  (Check one)        Jury ☐        Judge only ☑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☑        No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?        Yes ✔        No ☐

9.   If you did appeal, answer the following:

   (a) Name of court: UNITED STATES COURT OF APPEALS for THE DISTRICT OF COLUMBIA CIRCUIT

   (b) Docket or case number (if you know): 22-3084

   (c) Result: AFFIRMED

   (d) Date of result (if you know):  4/12/2024

   (e) Citation to the case (if you know):

   (f) Grounds raised:
   District Court Sentence Calculation/application
   On appeal, challenged the application of these enhancements

   1)  A two-level enhancement for "more than minimumal planning"
   2)  A four-level enhancement for the use of "a dangerous weapon"


   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ✔

      If "Yes," answer the following:

      (1) Docket or case number (if you know): N/A

      (2) Result: N/A

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):  N/A

      (5) Grounds raised:
      N/A


10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes ✔     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:   U.S. DISTRICT COURT - DISTRICT OF COLORADO

       (2) Docket or case number (if you know):   1:24-cv-00006-LTB-SBP

       (3) Date of filing (if you know): 1/2/2024

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:  Petition for Writ of Habeas Corpus (Federal)

    (5)  Grounds raised:

- Lack of communication between inmate, unit caseworker on recommendations for transfer and future planning

- The way the sentence is carried out, BOP miscalculated sentence, failed to award GTC's and pre-trial detention credit for time served.

- BOP to disclose how the release date was calculated and any tags on file

- BOP violated their own guidelines for carrying out the court's sentencing recommendation

- NO credit given for NO prior criminal history before present conviction

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☑

    (7)  Result:  DISMISSED

    (8)  Date of result (if you know):  6/6/2024

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:  U.S. District Court for the District of Columbia

    (2)  Docket of case number (if you know):  (pending)

    (3)  Date of filing (if you know):

    (4)  Nature of the proceeding:  Illegal imprisonment and dentention /Rule 5 of Criminal Procedure violated

    (5)  Grounds raised:

1) Rule 5 of Criminal Procedure Violated

2) No Preliminary Hearing or charges presented after arrest

3) Speedy Trial Act Violated - held / detained > 83 days without charges

4) Illegal imprisonment and detainment

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐    No ☑

    (7)  Result:  None yet

    (8)  Date of result (if you know):

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes ☐    No ☑

    (2)  Second petition:  Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
The second filing has not been adjudicated yet.

AO 243 (Rev. 09/17)

12.　For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**　Due Process Violation - 5th Amendment of the U.S. Constitution Held/Detained over 83 days without Preliminary Hearing or Indictment of Charges

　(a)　Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
- Date shown on the Arrest Warrant - arrest outside of the charging jurisdiction (Del Rio, Texas)

- Personal Letter telling travel from state to state via US Marshals, when US Marshal paperwork indicated was delivered to Virginia

- Email from the Northern Neck Jail FOIA request stating when arrived at the jail and the number of days detained there

- Copy of Motion on court docket detailing the request for immediate release due to the violation of the 14 day rule

- Motion also shows that NO indictment existed

- Magistrate Judge's transcript details the lack of preliminary hearing and indictment, as well as other screw-ups

(Exhibit A)

　(b)　**Direct Appeal of Ground One:**
　　　(1)　If you appealed from the judgment of conviction, did you raise this issue?
　　　　　　Yes ☐　No ☑

　　　(2)　If you did not raise this issue in your direct appeal, explain why:
　　　A different approach was taken.

　(c)　**Post-Conviction Proceedings:**
　　　(1)　Did you raise this issue in any post-conviction motion, petition, or application?
　　　　　　Yes ☐　No ☑

　　　(2)　If you answer to Question (c)(1) is "Yes," state:
　　　Type of motion or petition:　N/A

　　　Name and location of the court where the motion or petition was filed:
　　　N/A

　　　Docket or case number (if you know):

　　　Date of the court's decision:

　　　Result (attach a copy of the court's opinion or order, if available):
　　　N/A

　　　(3)　Did you receive a hearing on your motion, petition, or application?
　　　　　　Yes ☐　No ☑

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

100% disabled Iraq combat veteran dealing with results of several severe injuries, worst is the continual PTSD without his VA treatment, which hampers getting to such filings as this.  Simply trying to manage day to day life and the PTSD, which dominates everything.

**GROUND TWO:** Due Process - 5th Amedment to the U.S Constitution - Questioned by the FBI even though asked repeatedly for a "Lawyer" - Questioned without Counsel Present

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

- From personal letter dated around June 10th, 2024 - shows asked repeatedly for a lawyer, and yet was questioned without one

- Demonstrates this occured out of the charging district, but in the arresting district, Del Rio, Texas

(Exhibit B)

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:
A different approach was taken.


(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A


(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A


(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
100% disabled Iraq combat veteran dealing with results of several severe injuries, worst is the continual PTSD without his VA treatment, which hampers getting to such filings as this.  Simply trying to manage day to day life and the PTSD, which dominates everything.

AO 243 (Rev. 09/17)

**GROUND THREE:** Due Process - 5th Amendment to the U. S. Constitution - Speedy Trial Act violated - Preliminary Hearing not held within the required 14 days, and no indictment existed.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

- Attorney filed a motion to release based on the 14 day requirement being violated

- Magistrates transcript shows the lack of preliminary hearing

- Magistrate in Del Rio, Texas held an Inital hearing for the finding of Probable Cause only, suggesting that the preliminary hearing would be held in the charging district

- Personal letter demonstrates how the 14 days was violated by the continual traverse by the US Marshals across the country, when they return documents show otherwise


(Exhibit C)


(b)  **Direct Appeal of Ground Three:**

  (1)  If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐     No ☑

  (2)  If you did not raise this issue in your direct appeal, explain why:
       A different approach was taken.


(c)  **Post-Conviction Proceedings:**

  (1)  Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐     No ☑

  (2)  If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:  N/A

  Name and location of the court where the motion or petition was filed:
  N/A

  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):
  N/A


  (3)  Did you receive a hearing on your motion, petition, or application?
       Yes ☐     No ☑

  (4)  Did you appeal from the denial of your motion, petition, or application?
       Yes ☐     No ☑

  (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐     No ☑

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
100% disabled Iraq combat veteran dealing with results of several severe injuries, worst is the continual PTSD without his VA treatment, which hampers getting to such filings as this.  Simply trying to manage day to day life and the PTSD, which dominates everything.

**GROUND FOUR:**   Due Process - 5th Amendment to the U. S. Constitution - Speedy Trial Act violated - Preliminary Hearing not held within the required 14 days, and no indictment existed.

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

- Originial Western District of Texas documents by the Magistrate Judge, Colis White and his ORDER for Removal to the charging district dated 12/17/21

- Second ORDER for Removal by the judge is entered to the docket showing 1/10/22 for the removal, violating the judge's order to remove

- Personal letter showing the states and how long in facilities before being delivered to Virginia, and still not the charging district for a preliminary hearing

- Motion filed for Immediate Release due to the 14 day rule violated for a preliminary hearing in the charging district

(Exhibit D)

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐       No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:
A different approach was taken.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐       No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)   Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
100% disabled Iraq combat veteran dealing with results of several severe injuries, worst is the continual PTSD without his VA treatment, which hampers getting to such filings as this.  Simply trying to manage day to day life and the PTSD, which dominates everything.

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

(See attached document with the listing and the reasons)

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☑    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

1) Petition for Writ of Habeas Corpus - U.S. District Court for the District of Columbia - pending
2) Motion for Immediate Release - U.S. District Court for the District of Columbia - pending
3) Amendment 821 Motion - U.S. District Court for the District of Columbia - pending
4) Motion to Vacate, Set Aside, or Correct Sentence - 2255 - U.S. District Court for the District of Columbia - pending
ALL address the illegal proceedings, imprisonment, and detention - with the release to a year of HH / Home Confinement for PTSD treatment.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
William L. Shipley, Jr., Esq. - PO Box 745, Kailua, Hawaii 96734, (808) 228-1341, 808Shipleylaw@gmail.com

(b) At the arraignment and plea:
William L. Shipley, Jr., Esq. - PO Box 745, Kailua, Hawaii 96734, (808) 228-1341, 808Shipleylaw@gmail.com

(c) At the trial:
William L. Shipley, Jr., Esq. - PO Box 745, Kailua, Hawaii 96734, (808) 228-1341, 808Shipleylaw@gmail.com

(d) At sentencing:
William L. Shipley, Jr., Esq. - PO Box 745, Kailua, Hawaii 96734, (808) 228-1341, 808Shipleylaw@gmail.com

(e) On appeal:
William L. Shipley, Jr., Esq. - PO Box 745, Kailua, Hawaii 96734, (808) 228-1341, 808Shipleylaw@gmail.com

(f) In any post-conviction proceeding:
Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☑

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Because this issue was brought forward in the beginning of the case before I was indicted, was ignored, was not
addressed on the appeal at the applite court level, then once in the BOP day to day survival became the issue in a
medium secuirty supermax prison where murders and stabbings and gang activity occur daily along with perpetual
lockdowns, even though I had no prior criminal history.  The mail system is at least 30 - 40 days behind, so the
mail is too slow for court filings too.  Just now in a spot to begin working on this stuff, but I'm lockdown again for
another stabbing in another unit.  This happens daily since my incarceration in this very violent medium security
prison.

(4) the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of –

     (1)  the date on which the judgment of conviction became final;

     (2)  the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;

     (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or

     (4)  the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

1) Vacate prior court decision, 2) Release immediately from BOP custody to one year of halfway house / home confinement, 3) Grant time served, 4) Vacate probation period, 5) Award Punitive Damages - To all involved with this illegal imprisonment and detention - Disbarment, fines, fired / jail time.

N/A
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

(month, date, year)

Executed (signed) on _____ 7/31/2024 _____ (date)

P.P. *Lucas Denney*
*Karen D. Saffron*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

1)  My relationship to the movant:

I am his Legal Assistant, and he has given me premission to sign all of his legal documents or filings.  (see attached)

2)  The reason the movant is not signing this document:

The prison mail is woefully delayed or non-existent (~ 30 days behind the time) in getting U.S. mail in or out of the prison. If received, legal mail is not being delivered, causing missed court filings.  Movant has been locked down most of his sentence, making these type transactions impossible.  Movant is currently lockedown due to recent stabbings and a murder.  They do not have privilidges on lockdown, just 1 hour for shower.  Movant does not receive nor is allowed to send mail.  It's been this way since his incarceration there.  Continual murders and stabbings cause perpetual lockdowns.  He is unreachable at that facility and its very violent and retalitory toward the inmates for any action they may seek regarding their sentences.

I Lucas Denney do hereby authorize
Karen D. Saffron to generate, create, sign,
contact, and to speak on my behalf during my
legal transactions.

Lucas Denney
2-8-2024

Commonwealth of Virginia

County of Newport News, VA

**Morgan Kirk Holland**

REGISTRATION NUMBER
7952807

COMMISSION EXPIRES
May 31, 2025

The foregoing instrument was acknowledged before me

on 02/14/2024 by KAREN DENISE SAFFRON.

Morgan Kirk Holland

7952807

My commission expires: 05/31/2025

Notarized remotely online using communication technology via Proof.

Date: Wednesday February 14, 2024

To: Whom It May Concern

From: Karen D. Saffron


I just wanted to let you know that Lucas Denney sent the enclosed hand-written paper authorization to me on 2/13/24. This should be filed with any of his files.

Please let me know when any of his cases are filed or updated, so that I can follow his docket and keep him informed in a timely manner.

Best regards,

*Karen D. Saffron*

Karen D. Saffron
Legal Assistant
3243 Blundell Road
Falls Church, Va.  22042
571-425-1840
karen.d.saffron@gmail.com

Commonwealth of Virginia

County of Newport News, VA

The foregoing instrument was acknowledged before me

on 02/14/2024 by KAREN DENISE SAFFRON.

*Morgan Kirk Holland*

7952807

My commission expires: 05/31/2025

Notarized remotely online using communication technology via Proof.

Morgan Kirk Holland
REGISTRATION NUMBER
7952807
COMMISSION EXPIRES
May 31, 2025

(continued)

**12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.**

**GROUND FIVE:  Due Process - U.S. Constitution -** Arresting jurisdiction failed to return to the charging district the Rule 5 documents.
-   See court docket examples with both defendants
-   One persons Rule 5 documents were returned, who was also arrested in Texas
-   How could the court proceed without knowing what was in the Rule 5 documents from the arresting jurisdictionHow could rights be preserved and upheld without the documents??

**(Exhibit E)**

**GROUND SIX:  Due Process - U.S. Constitution -** Greater than 30 days from Arrest per the law, was presented a (1) count indictment late, charged, tried, sentenced, imprisoned.

-   See Arrest Warrant date
-   See the court docket arrest warrant date to the date of indictment
    See the magistrate judges transcript
-   See Gmail from Northern Neck Regional Jail show date when arrived in Virginia, still not in the charging district

**(Exhibit F)**

(continued)

**13.  Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them**

1) **Due Process Violation -** 5th Amendment of the U.S. Constitution Held/Detained over 83 days without Preliminary Hearing or Indictment of charges
-   **Reason:**  Time was addressed at first hearing in the charging district, but was too late

2) **Due Process Violation -** 5th Amendment to the U.S Constitution - Questioned by the FBI even though asked repeatedly for a "Lawyer" - Questioned without Counsel Present
-   **Reason:**  This has been the first opportunity

3) **Due Process Violation -** 5th Amendment to the U. S. Constitution - Speedy Trial Act violated - Preliminary Hearing not held within the required 14 days.

- **Reason:** This was addressed in the court docket by a Motion to Release on 3/2/2022

4) **Due Process Violation** - 5th Amendment to the U. S. Constitution -    Due Process - 5th Amendment to the U. S. Constitution - No indictment of charges within 30 days of Arrest Date.
- **Reason:** Was addressed at first appearance in the charging district and the government was admonished by the Magistrate Judge for being late.  In transcript

5) **Due Process Violation** - U.S. Constitution - Arresting jurisdiction failed to return to the charging district the Rule 5 documents.
- **Reason:** Just discovered

6) **Due Process Violation** - U.S. Constitution - Greater than 30 days from Arrest per the law, was presented a (1) count indictment late, charged, tried, sentenced, imprisoned.
- **Reason:** Was addressed by the magistrate judge on appearance before him once he appear in the charging district